[L. A. No. 892.   Department Two. — June 8, 1901.]

BESSIE MAY LOFTUS (an Infant), by MOLLIE LOF-TUS, her Guardian ad Litem, Respondent, v. ISAAC F. DEHAIL and ALICE DEHAIL, Appellants.

NEGLIGENCE — UNGUARDED CELLAR — PLAYING CHILD INJURED FROM PUSH — OWNERS OF LOT NOT LIABLE. — Where the owners of a lot, situated in a populous part of a city, had removed a house therefrom, leaving an open cellar, which stood relatively to the street so that there was no danger therefrom to travelers upon the highway, such owners are not negligent in failing to guard it as against children who were not there by license or permission, and are not liable to the guardian of a child, seven years of age, who was injured, while playing around the cellar, as the result of being violently pushed into the cellar by her younger brother, four years of age, in a fit of temper.

ID. — TURNTABLE CASES NOT APPLICABLE — ATTRACTIVENESS TO CHIL-
DREN — DUTY NOT OWED. — The turntable cases, relative to un-
locked machinery from which a child might be injured (*Barrett* v.
*Southern Pacific Co.*, 91 Cal. 296), constitute an exception to the
general rule, and are not applicable to a case like this, where no
trap existed. The fact that the lot was attractive to children, as a
playground, did not cast a duty upon the owners of the lot to guard
the open cellar.

ID. — INJURY NOT THE RESULT OF PLAY. — In the turntable cases the
injury was the result of the play; but in the present case the child
was injured, not in her play, or as part thereof, or in ignorance of
the danger of her play, but as the result of the violence of her little
brother in a matter apart from her play.

ID. — KNOWLEDGE OF DANGER — PROXIMATE CAUSE OF INJURY. —
Where it appeared that the child injured was of sufficient age to
understand that it would be dangerous to jump into the cellar, and
was injured only as the result of being pushed therein, in a fit of
temper, by her younger brother, his act was the proximate cause
of the injury; and though the brother would not himself be legally
responsible for his act, the owners of the lot would be no more re-
sponsible therefor than if an adult, under similar circumstances,
had been thrust over the embankment.

APPEAL from a judgment of the Superior Court of Los An-
geles County and from orders denying a motion for judgment
upon the findings and denying a new trial. Frank F. Oster,
Judge presiding at request of D. K. Trask, Judge.

The facts are stated in the opinion of the court.

J. L. Murphey, for Appellants.

The turntable cases are not to be carried beyond such facts
as were there considered; and the defendant in this case was
entitled to judgment. (*Peters* v. *Bowman*, 115 Cal. 345;[1] *Rich-
ards* v. *Connell*, 45 Neb. 467; *Hargreaves* v. *Deacon*, 25 Mich. 1;
*Gillespie* v. *McGowen*, 100 Pa. St. 144;[2] *Ratte* v. *Dawson*, 50
Minn. 450; *Galligan* v. *Metacomet Mfg. Co.*, 143 Mass. 527.)
The proximate cause of the injury was the act of the brother,
who got mad and pushed his sister into the cellar. (*Otten* v.
*Cohen*, 1 N. Y. Supp. 430; *Louisiana etc. Ins. Co.* v. *Tweed*, 7 Wall.
52; *Cuff* v. *Newark etc. R. R. Co.*, 35 N. J. L. 32; *Tutein* v. *Hurley*,
98 Mass. 211.[3]) The child was of sufficient age to appreciate the
danger, and knew it; and defendant could not be responsible for
what befell her. (*Chicago etc. R. R. Co.* v. *Becker*, 76 Ill. 25.)

[1] 56 Am. St. Rep. 106.          [3] 93 Am. Dec. 154.
[2] 45 Am. Rep. 365.

Barnwell & Newby, and Knight & Jones, for Respondent.

The children were not responsible for their childish instincts, and it was the duty of the defendant to guard against them. (*Barrett* v. *Southern Pacific Co.*, 91 Cal. 296;[1] *Callahan* v. *Eel River etc. Ry. Co.*, 92 Cal. 89; *Sioux City etc. R. R. Co.* v. *Stout*, 17 Wall. 657; *Keefe* v. *Milwaukee etc. Ry. Co.*, 21 Minn. 207;[2] *Loveland* v. *Gardner*, 79 Cal. 317; *City of Pekin* v. *McMahon*, 154 Ill. 141;[3] *Barnes* v. *Shreveport City R. R. Co.*, 49 Am. St. Rep. 419, note, and cases cited; *Union Pacific Ry. Co.* v. *McDonald*, 152 U. S. 262; *Powers* v. *Harlow*, 53 Mich. 507.[4]) ·

HENSHAW, J.—This action was brought to recover damages for injuries sustained by the plaintiff, an infant seven years of age, from falling into a cellar of defendants, situated on a vacant lot in the city of Los Angeles. The cause was tried without a jury, and upon the findings the court gave judgment in favor of plaintiff. Defendants moved for judgment upon the findings. Their motion was denied. So, also, was their motion for a new trial. From the judgment and from these orders of the court defendants appeal.

From the undisputed facts and from the findings it appears that the defendants were the owners of a lot on the corner of Second and San Pedro streets, in a populous and thickly settled quarter of the city of Los Angeles. Upon the lot had stood a house, which had been removed, leaving upon the premises a cellar, partially filled with bricks, cans, and other *débris*, varying in depth from $2\frac{30}{100}$ feet to $6\frac{30}{100}$ feet, having a length of about 17 feet and a width of about 14 feet. The lot was upon a level with the sidewalk, was open and unfenced on the San Pedro Street front, and partially open on the Second Street front. The cellar was located at a distance of from twenty-two to thirty feet from Second Street, and about fifty-six feet from San Pedro Street. For about three weeks prior to the accident the premises had remained in this open and unguarded condition. The plaintiff lived in the neighborhood of the lot, and upon the day of the accident was engaged with other children in playing around the cellar, and, while so engaged, was, by her little brother, Teddy Loftus, aged four years, pushed into the cellar, falling a distance of about six

---

[1] 25 Am. St. Rep. 186.     [3] 45 Am. St. Rep. 114.
[2] 18 Am. Rep. 393.     [4] 51 Am. Rep. 154.

feet, sustaining the injuries complained of. It is further found that at the time of the injury the plaintiff was of such tender years and immature judgment as to be incapable of knowing and comprehending the danger to which she was exposed in playing about the excavation, and that her little brother, who, in a fit of anger, had pushed her into the cellar, was also incapable of knowing and comprehending the danger to which he exposed his sister in so pushing her into the excavation. The parents are found to have been guilty of no contributory negligence in the matter. The defendants are found to have been guilty of negligence in failing properly to guard and inclose the cellar. A judgment of $350 was awarded plaintiff.

It is sought by respondent to bring this cause of action within the rule of the "turntable" cases (*Barrett* v. *Southern Pac. Co.*, 91 Cal. 296[1]), but it is to be remembered, in the first place, that the "turntable" cases are themselves exceptions to the general rule. It is true that in the discussion of those cases the attractiveness of the object to children is considered and discussed, but it by no means follows that because a thing is or may be attractive to children, the owner must guard and protect it against their trespasses upon and unlawful dealings with it. The gist of the decision in the "turntable" cases is pointed out by Chief Justice Beatty in his concurring opinion in *Peters* v. *Bowman*, 115 Cal. 345.[2] It lies not alone in the fact that it was a danger especially created by the act of the owner, but it was a danger which could be removed, without destroying or impairing the usefulness of the machine, by a simple lock. To what was there said it may be added that the turntable might well be considered peculiarly attractive to children,—a movable machine in the nature of a merry-go-round,—but at the same time, the children being ignorant of the dangers and injury to which they were exposed in revolving it, the unprotected machine itself became a trap for them, and these cases may therefore be properly classed with those which hold the owner responsible for that reason. Such was the case of *Malloy* v. *Hibernia Sav. and Loan Society*, 21 Pac. Rep. 525. That action came before this court upon the demurrer to the sufficiency of the complaint. It is true that damages were there sought for the death of an infant, occa-

[1] 25 Am. St. Rep. 186.          [2] 56 Am. St. Rep. 106.

sioned by falling into a cesspool, but the complaint would have been sufficient to have warranted a recovery had an adult been killed under the same circumstances, for the complaint showed a veritable trap,—a cesspool, open and unguarded, yet with its surface covered with a layer of deceptive earth to a level with the adjacent land. Into such a trap any one, adult or child, might have walked. But it by no means follows, as has been said, that anything or everything which a jury may find, or a court may determine, to be attractive as a playground or plaything for children casts a responsibility of guard and care upon the owner of that thing. Moving streetcars and moving vehicles upon the street are irresistibly attractive to many children, and thousands daily imperil their lives by climbing on and off of them while in motion. Venturesome boys, and even girls, make playgrounds of unfinished buildings, climb perilous heights, and scamper over insecure boards and rafters. If an owner became responsible, merely because children were attracted, it would burden the ownership of property with a most preposterous and unbearable weight. The case at bar, therefore, is not referable to that class of cases like the "turntable" cases, where the owner is held responsible for negligently exposing dangerous machinery attractive to children. And no more can it be referred to the other class of cases, likewise forming an exception to the general rule which permits a recovery where a dangerous excavation has been constructed and negligently maintained so near a public highway that one lawfully using the highway has been injured thereby; for here it appears not only that no one in the use of the highway was injured, but that no one in use of the highway could have been injured, since the excavation was some thirty feet from one street, and more than fifty feet from the other.

Nor, finally, is the case referable to the last exception to the general rule, where one upon the premises of another by invitation or license is injured by the neglect and unsafe condition of the premises. The children were there neither by license nor by permission. The only evidence at all upon this question is that by I. F. Dehail, one of the defendants, to the effect that he saw children playing upon the lot upon one occasion, and warned them off, because they were breaking his bricks and wheelbarrow. No further elaboration upon this question

is necessary. It has recently received the detailed consideration of this court, in *Peters* v. *Bowman*, 115 Cal. 345.[1]

But there is still another reason why, in this particular case, the findings, and consequently the judgment, cannot be upheld. Where such an action as this lies at all, it can be successful only upon a showing that the infant was of such tender years as not to appreciate the danger to which it was exposed. Such was the finding of the court in this case, but the evidence utterly fails to support it. The child herself shows by her testimony an appreciation of the danger, and says that she knew that it would hurt her to jump from a high point into the cellar. In fact, she did not jump at all. She was pushed in, in a fit of temper, by her younger brother. His act was the proximate cause of the injury, and while he, because of his tender years, would not be legally responsible therefor, the situation of the injured child, who shows that she appreciated the danger to which she was exposed, was no different from what would have been that of an adult who, under similar circumstances, had been thrust over the embankment. In this respect, also, is the case to be distinguished from the "turntable" cases, where several children are engaged in moving the turntable, all being equally ignorant of their danger, and one is injured; for in the present instance it was not in her play, and as part of her play, and in ignorance of the danger of her play, that she was injured. She was injured by the violence of her little brother, in a matter apart.

For these reasons the judgment and orders are reversed and the court is directed to enter judgment for the defendants upon the findings.

McFarland, J., and Garoutte, J., concurred.

[1] 56 Am. St. Rep. 106.