# Francis Lomax, Appellee, v. George Reisch et al., Appellants.

1. ATTRACTIVE NUISANCE—*what not.* A cellar left open and unguarded is not an attractive nuisance within the rules which define such a nuisance where there is no evidence that the defendant knew that children were in the habit of playing about such cellar and no invitation is shown to have been extended to such children to play about the same.

2. NEGLIGENCE—*when fencing not required.* Excavations upon property not so near the street as to be dangerous to passengers upon

the walk, do not have to be fenced to protect children from injury, who are in the habit of going upon the premises to play.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1911. Reversed with finding of fact. Opinion filed October 9, 1911.

CARL M. REICH, RUFUS M. POTTS, W. H. NELMS and ALFRED ADAMS, for appellants.

JOHN C. SNIGG and JOHN P. SNIGG, for appellee.

MR. JUSTICE FROST delivered the opinion of the court.

Appellants owned a vacant lot situated on the southeast corner of North Fourth street and Grand avenue in the city of Springfield, Illinois, having a west frontage on Fourth street of 40 feet and depth on the south side of Grand avenue of 162 feet, on which was an old cellar. Appellee, Francis Lomax, aged six years, and another boy were playing a game called "Push," near the northwest corner of the cellar, and in the play appellee, Lomax, was pushed into the cellar by his companion, and his left arm broken. For this injury he secured judgment for $125 and an appeal was taken to this court. Appellants' liability if any, rests upon the doctrine comprehended in the attractive nuisance cases, that is, permitting a dangerous condition to exist, unguarded and easy of access for children, alluring and enticing to the youthful mind. In our opinion, the condition existing on appellants' premises cannot be included in any of the cases where liability has been found to rest upon that doctrine. The so-called "Turntable Cases" have special reference to dangerous and attractive machinery, luring children to experiment with its movements, and liable to cause injury when this is done. Shallow excavations on premises do not come within the purview either of the attractive nuis-

ance or turn-table cases.    In the case of City of
Pekin v. McMahon, 154 Ill. 141, there was a
manifestly dangerous excavation, 200 feet long and
100 feet wide, where water accumulated to the depth
of 14 feet, upon which were floating timbers, upon
which a boy could climb and ride about on the water.
Tested by that case, no liability can be found here.
The cellar was about 31 ½ feet long and 18 feet wide,
located 25 feet from the sidewalk on Fourth street, and
20 feet from the sidewalk on Grand avenue, with slop-
ing banks so that persons could easily walk in and out
of it.    It had been filled in considerably with debris
and its deepest places were estimated by different wit-
nesses to be from two to four and a half feet below the
level of the lot.    There is no evidence in the record that
appellants knew children were in the habit of playing
in or near the cellar, nor had they extended any invita-
tion or given any permission to children to play on the
lot.    There was nothing about the cellar that rendered
it necessarily dangerous or likely to cause injury.

Excavations upon property not so near the street
as to be dangerous to passengers upon the walk, do not
have to be fenced to protect children from injury, who
are in the habit of going upon the premises to play.
Ratte v. Dawson, 50 Minn. 450.

The owner is not liable for the death of a boy who
fell into an excavation upon his property and was
drowned, if the excavation was not so near the street as
to render it unsafe and dangerous.    Klix v. Nieman,
68 Wis. 271.

In the case of Loftus v. DeHail, 133 Cal. 214, the
owners of a lot situated in the populous part of a city,
had removed a house therefrom which stood close to
the street so that there was no danger therefrom to
passengers on the right of way.    The court held that
the owners were not negligent in failing to guard it
against children who were not there by license or per-

mission and were not liable to the guardian of a child seven years of age, who was playing about the place, and who was pushed into the excavation violently by a younger boy in a fit of temper.

The fact that the land was attractive to the children as a play-ground, did not impose a duty upon the owner to guard the open cellar because of the mere possibility of accident to some who might be pushed into the excavation.

We find from the evidence as a matter of fact that the appellants were not guilty of any negligence in this case, and for that reason the judgment will be reversed.

*Reversed.*

Finding of fact to be incorporated in the record: We find as a matter of fact that the appellants were not guilty of any act of negligence charged against them in the declaration.