[L. A. No. 15727.   In Bank.—June 22, 1936.]

JAMES B. DOYLE, a Minor, etc., Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

V. P. Lucas and Henry G. Bodkin for Appellant.

Frank Karr, E. E. Morris, C. W. Cornell and O. O. Collins for Respondents.

CONREY, J.—This appeal comes before the court upon hearing granted after decision by the District Court of Appeal, where the judgment was reversed. From the opinion of the District Court we quote as follows:

"Plaintiff, a minor, brought suit by his guardian *ad litem* to recover damages for injuries suffered when he fell through a skylight in the roof of a ballroom and public dance hall at Redondo Beach, owned and operated by defendant Pacific Electric Railway and under the supervision of defendant Henry C. Froude. At the time of the accident plaintiff was thirteen years and eight months of age, a junior high school pupil. The dance hall was open to the public generally and plaintiff was a spectator in the balcony. In one corner of the balcony a ladder, nailed to the wall, led to an opening in the ceiling, whence a three-plank 'cat-walk' traversed the attic over the joists to a skylight through which it was customary to shower balloons upon dancers below. No signs warned the public to keep out of the attic, no lock was upon the door leading thereto, and the cat-walk and skylight were unprotected by railing, although the interior of the attic was lighted by electricity. Without invitation from anyone plaintiff climbed the ladder and, observing in the distance em-

ployees of defendants inflating balloons, walked down the cat-walk in their direction to the skylight, which at the time was covered with canvas and was several inches lower than the walk. Stepping upon the canvas-covered skylight, he crashed through to the dance floor some twenty feet below and was painfully injured.

"At the conclusion of plaintiff's case the court, on defendants' motion, directed the jury to return a verdict against plaintiff and for defendants. From the judgment entered pursuant to such directed verdict plaintiff appeals."

■ · It is a general rule that the owner of property owes no duty to mere trespassers to keep the property in safe condition. To this rule the law has declared an exception, in this, that where an attractive contrivance is maintained with the knowledge of the owner, alluring to children but inherently dangerous to them, this constitutes neglect out of which liability will arise for injuries resulting from such neglect. It is want of ordinary care to maintain such premises, and the question as to whether the device complained of constitutes a trap dangerous to children is a question of fact ordinarily to be determined by the jury. (*Faylor* v. *Great Eastern etc. Co.*, 45 Cal. App. 194 [187 Pac. 101].) ■ But it is not every contrivance or apparatus that a jury will be entitled to treat as an "attractive nuisance". Before liability may be imposed, always there must be something in the evidence tending to show that the device was something of a new or uncommon nature with which children might be supposed to be unfamiliar, or not to know of its danger. Thus in *Loftus* v. *Dehail*, 133 Cal. 214, 218 [65 Pac. 379], it was said by this court: "But it by no means follows, as has been said, that anything or everything which a jury may find, or a court may determine, to be attractive as a playground or plaything for children casts a responsibility of guard and care upon the owner of that thing. Moving street cars and moving vehicles upon the street are irresistibly attractive to many children, and thousands daily imperil their lives by climbing on and off of them while in motion. Venturesome boys, and even girls, make playgrounds of unfinished buildings, climb perilous heights, and scamper over insecure boards and rafters. If an owner became responsible, merely because children were attracted, it would burden the ownership of property with a most preposterous and unbearable weight."

█ In the case at bar we find the plaintiff, a boy of nearly fourteen years, seated as a spectator in a public balcony looking down upon a ballroom. In that place he was not a trespasser and if he had remained there he would have suffered no injury. From his seat he did not see any part of the apparatus connected with the injury which he later suffered. He did see a ladder fastened against the wall, and afterwards from the top of that ladder, after he had placed himself in the position of a trespasser, he observed the employees of the defendants inflating some balloons. There is nothing uncommon about a ladder. They are present in practically every home or house, and the danger of falling from them is familiar to children as well as to adults. The ladder was dangerous, but it was not uncommon, and in this case it was not a proximate cause of the injury. It was only after having trespassed upon the defendants' property without invitation and without temptation, and after he had voluntarily entered upon an exploring expedition in a place to which he had not been invited, that the plaintiff brought himself into a position of danger which led the way to his accident and injury.

Summarily stated, we are of the opinion that in this case there is no evidence tending to prove that by means of any attractive nuisance or other invitation the plaintiff was by the defendants drawn into the commission of any act which led to the accident and injury. This being so, and regardless of the other points presented on appeal, we are satisfied that the court did not err in directing the jury to render its verdict in favor of the defendants. This is the only conclusion that could be drawn from the evidence.

The judgment is affirmed.

Waste, C. J., Shenk, J., Thompson, J., Seawell, J., Langdon, J., and Curtis J., concurred.

Rehearing denied.