[Civ. No. 17060. First Dist., Div. Two. Mar. 7, 1957.]

RICHARD WOODS, a Minor, etc., Appellants, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Philip Steiner and Robert K. Barber for Appellants.

Boyd & Taylor and Dion R. Holm, City Attorney, for Respondents.

STONE, J. pro tem.*—The plaintiff Richard Woods, a minor, 10 years of age, was injured while playing in a school

*Assigned by Chairman of Judicial Council.

building that was in the process of construction. The child was admittedly a trespasser but the plaintiff alleges the action comes within the attractive nuisance doctrine. The defendant's special and general demurrers to plaintiff's second amended complaint were sustained without leave to amend and judgment was entered accordingly. Plaintiffs have appealed from the judgment.

The pertinent allegations of the second amended complaint insofar as this appeal is concerned are contained in paragraphs 6 and 7 in the following language:

"VI—On June 6, 1954, defendants Martinelli Construction Company, Inc., and Doe One were in the process of performing their said contract and at that time the school building being constructed by them in accordance with the said contract was partially completed. The defendants Martinelli Construction Company, Inc., Doe One and Doe Two, and each of them, negligently and carelessly stored and maintained in said partially completed school building during the course of its construction, and particularly on June 6, 1954, various items of machinery, motors, equipment, construction tools and materials, appliances and contrivances which were attractive to the minor plaintiff, Richard Woods, who lived with his parents near said premises, and to other children in the neighborhood, as defendants and each of them well knew. That said items of machinery, motors, equipment, construction tools and materials, appliances and contrivances were an invitation to the minor plaintiff herein and to other children in the neighborhood, to enter upon said premises and to play thereon with said items of machinery, motors, equipment, construction tools and materials, appliances and contrivances, as defendants and each of them well knew, and the minor plaintiff and other children in the neighborhood, with the knowledge of defendants and each of them, did enter into said premises and play thereon with said items of machinery, motors, equipment, construction tools and materials, appliances and contrivances. That said premises were so negligently and carelessly constructed and maintained by the defendants and each of them, as to render them dangerous to children playing thereon, as was known to defendants and each of them, but was not known to the minor plaintiff. The defendants, and each of them, made no provision to safeguard and prevent children from playing in and about said partially completed building in its dangerous and unsafe condition or to advise or warn

them of the danger thereof, and as so maintained the said partially completed building, and the said items of equipment, machinery, tools, motors, materials, and appliances and contrivances were an attractive nuisance.

"VII—On June 6, 1954, the minor plaintiff was attracted by said items of machinery, motors, equipment, construction tools and materials, appliances and contrivances, and went upon the said premises to play with the same. While playing with said items of machinery, motors, equipment, construction tools and materials, appliances and contrivances upon that day, the boards upon which the minor plaintiff was standing broke and gave way or turned, causing him to be thrown violently a distance of approximately twelve feet to a cement area on said premises. That at said time, plaintiff was of too tender an age to appreciate the danger which he incurred by entering into and upon said premises, and his fall was caused by the negligent and careless conduct of defendants MARTINELLI CONSTRUCTION COMPANY, INC., DOE ONE and DOE TWO, and each of them, and their respective agents, servants and employees as aforesaid."

Although the order sustaining the demurrers without leave to amend does not specify whether the special or general demurrer was sustained, only a failure to state a cause of action would warrant an order sustaining a demurrer without leave to amend. The special demurrer was directed toward the form of the pleading. Both appellant and respondent have recognized this fundamental rule of law and have directed their arguments on appeal to the question of whether or not plaintiff is precluded from recovery because a building under construction does not come within the attractive nuisance doctrine.

The attractive nuisance or so-called turn-table cases are an exception to the general rule of law that the owner of property is under no legal duty to keep it in a safe condition for others than invitees, and that trespassers take the risk of injuries from ordinary visible causes. (*Peters* v. *Bowman*, 115 Cal. 345 [47 P. 113, 598, 56 Am.St.Rep. 106].) This exception was established in California by *Barrett* v. *Southern Pac. Co.*, 91 Cal. 296 [27 P. 666, 25 Am.St.Rep. 186], which was an actual turn-table case decided in 1891. It has always been recognized that each alleged attractive nuisance case must be determined from the facts and circumstances of the particular action. However, the conditions governing the application of the doctrine to the facts of the particular case

were not entirely clear for many years, and some exceptions to the exception appear which are difficult to reconcile.

In some of the earlier cases the courts appear to have applied the doctrine that a child is not a trespasser when he is attracted to a dangerous contrivance but that rather he becomes an invitee. (19 Cal.Jur. p. 624, § 58.) Under such a theory the owner would owe the child the same duty of care as owed any other invitee. This theory was definitely rejected by *Puchta* v. *Rothman,* 99 Cal.App.2d 285 [221 P.2d 744] and *Doyle* v. *Pacific Elec. Ry. Co.,* 6 Cal.2d 550 [59 P.2d 93], because in each of those cases an adult invitee would have been protected against the hidden peril or "trap" involved —tar-paper covering a vent opening on floor level and canvas covered sky light next to a cat-walk in an attic.

■ It is now settled that the child is considered a trespasser but whether or not the attractive nuisance exception is applicable to any given case depends upon whether or not four conditions are present. Those conditions which have been approved by recent California cases concerning attractive nuisances (*Lopez* v. *Capitol Co.,* 141 Cal.App.2d 60, 66 [296 P.2d 63]; *Marino* v. *Valenti,* 118 Cal.App.2d 830, 842 [259 P.2d 84]) are set forth in Restatement of Torts, section 339. That section provides:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

"(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

"(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

"(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

■ Since the case of *Puchta* v. *Rothman, supra,* it has been inferred that the attractive nuisance doctrine does not apply to a building under construction. Before determining whether or not the Puchta case is the rule in California, it is

necessary to analyze the building cases in the light of the four conditions set out in section 339. Considering each condition separately, the following results are disclosed:

Condition Number One, "The place where the condition is maintained must be one of which the possessor knows or should know that such children are likely to trespass" is applicable. Admittedly, a building under construction does attract children. In so holding, the courts have repeatedly cited with approval the following portion of the opinion in the case of *Loftus* v. *Dehail*, 133 Cal. 214, 218 [65 P. 379]:

"Venturesome boys, and even girls, make playgrounds of unfinished buildings, climb perilous heights and scamper over insecure boards and rafters." (See *Puchta* v. *Rothman, supra*; *Lopez* v. *Capitol Co.*, 141 Cal.App.2d 60 [296 P.2d 63].)

Condition Number Two is also applicable to such structures. Certainly, the condition of a building under construction is one in which "the condition of which the possessor knows or should know and which he should recognize as involving an unreasonable risk of harm to such children." To hold otherwise would be contrary to common knowledge and readily shown to be specious by the records of the Industrial Accident Commission or any insurance company writing workman's compensation insurance. Such records reflect that the risk of injury to adults, many of them skilled and experienced workmen, in and about buildings under construction far exceeds the normal accident rate. The risk increases as the maturity of the individual decreases.

Condition Number Three poses a closer question but it has never been held to be inapplicable to a building under construction. In most instances, certainly with children of tender years, "The child because of his immaturity either does not discover the condition or does not appreciate the danger involved." There have been intimations that the courts believe to the contrary as in *Loftus* v. *Dehail, supra*, and *Puchta* v. *Rothman, supra*. The inferences have been dicta and each case actually was decided on the basis of Condition Number Four, which will be discussed presently. In regard to Condition Number Three, the courts have held that in cases concerning an injury on a scaffolding erected adjacent to a building being remodeled, (*Lopez* v. *Capitol Co., supra*) and a ladder attached to a building, (*Doyle* v. *Pacific Elec. Ry. Co., supra*) there was no novel or hidden danger with which a child would be unfamiliar. But it does not appear that any court has held Condition Number Three

would never be applicable to a building under construction as such.

Thus, by process of elimination we must conclude that buildings under construction are said to be an exception to the attractive nuisance doctrine because Condition Number Four does not apply. To state the matter conversely, in the case of a building under construction it has been held that the utility to the possessor of maintaining the conditions is not slight as compared with the risk to the children involved. This is clearly demonstrated by the majority opinion in the Puchta case wherein the court at page 289 quotes with approval the following language:

"If an owner became responsible, merely because children were attracted, it would burden the ownership of property with a most preposterous and unbearable weight."

We believe to categorize is wrong in principle. If the four conditions laid down in section 339 are to be applied to the facts of each case, it is inconsistent to say all situations involving buildings under construction are excluded from the rule. It does not require a very fertile imagination to conceive of a construction case where the facts would meet all four requirements of section 339.

In cases other than those involving buildings under construction, we find the California courts have applied the doctrine of attractive nuisance, to many circumstances where machinery, equipment and other "contrivances" are concerned. In such cases, of course, Conditions 1, 2, and 3 of section 339 are applicable as in the case of a building under construction, hence the distinction in the application of the doctrine lies with Condition Number Four. The reasoning of the courts has been that the utility to the possessor of maintaining machinery, equipment, or "contrivances" in a safe condition as compared to the risk of the children involved is slight. Among the many cases wherein the attractive nuisance doctrine was approved we find it applied in *Faylor* v. *Great Eastern Q. Min. Co.*, 45 Cal.App. 194 [187 P. 101], to unlocked ore cars in an unused and unguarded mining tunnel; *Morse* v. *Douglas*, 107 Cal.App. 196 [290 P. 465], to a trailer and vat of boiling tar left unguarded in a city street; *Hale* v. *Pacific Tel. & Tel. Co.*, 42 Cal.App. 55 [183 P. 280], to dynamite caps stored with other construction paraphernalia in a box on the porch of an unenclosed cottage used for the storage of material needed for a nearby construction project; in *Blaylock* v. *Jensen*, 44 Cal.App.2d 850 [113

P.2d 256], to a concealed oil sump, and in *Long* v. *Standard Oil Co.*, 92 Cal.App.2d 455 [207 P.2d 837] to an artificial hole in the ground partly filled with water.

There is no reason why a condition within or appurtenant to a building under construction which presents a great risk to children but which could be easily remedied or protected against at relatively little cost should not come within the doctrine. We do not believe that *Puchta* v. *Rothman* is authority for an inflexible rule that all cases concerning buildings under construction are excluded from the attractive nuisance doctrine. Rather, each case must be judged in the light of its own peculiar facts according to the four conditions laid down by section 339 of the Restatement of Torts.

■ The precise question in the instant case is: Does the fact the machinery and equipment are located in a building under construction operate to take it out of the attractive nuisance doctrine as a matter of law? There appears to be no logical reason why it should. The other three conditions being present it would not seem to be any more difficult or burdensome to require an owner to make machinery and equipment secure or protect children against such hazards inside a building under construction than machinery and equipment inside a mining tunnel, in a field, in a cottage or on a city street. The rather recent case of *Marino* v. *Valenti*, 118 Cal.App.2d 830 [259 P.2d 84] appears to have reached this result, although it is not exactly analogous. In the Marino case children were attracted to a vacant and somewhat dilapidated house. Once inside one of the children, an 11-year-old boy, found some dynamite caps which caused the injury. The court held that liability attached under the attractive nuisance doctrine. In the instant case children were attracted to the partially constructed building. Once inside, the plaintiff, a 10-year-old boy, found some machinery and equipment. As far as the pleadings in this case are concerned the analogy ends at that point. ■ Plaintiff's allegations concerning the happening of the accident are vague, uncertain and ambiguous. As respondents have aptly pointed out, it cannot be determined where the accident occurred, let alone how it occurred. Therefore, defendant's special demurrer was properly sustained. On the other hand, it cannot be said plaintiff cannot state a cause of action if given an opportunity to amend his complaint. Until plaintiff's complaint is amended and the facts surrounding the occurrence clearly stated, it cannot be determined whether plaintiff's

failure to state a cause of action is because of lack of facts or because of a failure to allege the facts. The defendant's demurrer was properly sustained but it should not have been sustained without leave to amend. (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 719 [128 P.2d 522, 141 A.L.R. 1358]; *Kauffman* v. *Bobo & Wood,* 99 Cal. App.2d 322, 323 [221 P.2d 750].)

It is our view that the trial court should permit appellant one more opportunity to amend the complaint to state a cause of action.

Judgment reversed.

Dooling, Acting P. J., and Kaufman, J., concurred.