[Civ. No. 17194. First Dist., Div. One. June 5, 1957.]

JEROME NEAL SEVERANCE, a Minor, etc., Appellant, v. ROBERT GEORGE ROSE et al., Defendants; JOHN P. RILEY, Respondent.

Bergen Van Brunt and Allan L. Shapiro for Appellant.

Boyd & Taylor for Respondent.

WOOD (Fred B.), J.—Plaintiff, a boy of 10 at the time, was injured while playing on a water ski jump. Judgment of nonsuit was rendered in favor of defendant John P. Riley. Plaintiff presents two issues upon this appeal. Was there sufficient evidence to present these questions to the jury: (1) Did Riley own this water ski jump at the time of the accident? (2) If he did, was he negligent, did he violate a duty he owed the plaintiff in respect to this water ski jump? We will consider the latter question first.

This ski jump was typical of such devices: An inclined plane supported or buoyed up at one end by air-tight drums. This one was about 6½ feet wide by 26 feet long. One end rested upon the ground; the other was about 7 feet from the ground. It had no wheels or other moving parts.

It was in a portion of a public park which was adjacent to a yacht harbor and used for the parking of automobiles, navy rafts, boat trailers and other similar objects. It was near a pile of navy rafts and about 300 to 400 feet distant from a playground area equipped with swings, slides and similar apparatus. There intervened a grove of trees with several picnic tables interspersed among them.

Several years before the accident, during Riley's absence from home, the ski jump had been taken from his yard to the park by persons unknown to him, but he had seen it at the park sometime during the year preceding plaintiff's accident. He thought it had been used each year for the Shark Derbies. He said that any of the skiers that wanted to use it could use it. He thought it had been used every year for a long time.

One morning plaintiff went to the park and played on the swings and other apparatus at the playground. He saw this large slide and went over and played on it. He would push himself up backwards and then slide down. He would make a mound of his jacket, sit on it and slide down. He played on it about 15 minutes before he fell. Just before he fell he was sitting down and pushing himself up backwards, using his hands and feet. He started from the bottom and worked himself up about three-quarters of the way from the bottom. He was getting toward the edge. So, he tried to push himself back and then fell off the edge, a distance of about five and a half feet to the ground.

Here we have an object that was constructed appropriately to serve its function. To equip it with "guards" or "rails to keep children from sliding off the sides," as plaintiff alleges defendant should do, would seriously impair if not completely destroy its usefulness as a water ski jump. The only risk attendant upon its use as a slide when thus resting upon the ground was perfectly obvious, the hazard of falling off the upper end or over either side. No sign warning of this hazard would be necessary for any adult nor for most children, even children of tender years. And it appears as a fact that the minor plaintiff needed no such warning. He was aware of the hazard of falling over the side. He testified, "I was pushing myself up backwards, and I was getting toward the edge, so I tried to push myself back and I went off the side." There was involved no hidden risk, no element of entrapment, no moving machinery to impose upon defendant a duty toward plaintiff to install guard rails, post warning signs or take other precautions for plaintiff's protection should he choose to use this ski jump as a slide.

The applicable legal principles we find expounded and the case law reviewed in the recent case of *Lopez* v. *Capitol Co.*, 141 Cal.App.2d 60 [296 P.2d 63], (hearing by Supreme Court denied). There, it appeared that a 7-year-old boy was injured when he climbed upon and fell from a scaffold erected upon a public sidewalk for use in remodeling an office building. Demurrers were sustained to the original and three amended complaints. Plaintiff then refused to further amend, and appealed.

In affirming the judgment the court discussed the attractive nuisance doctrine, indicating various types of situations in which it has been applied, "cases where hidden dangers exist which would be outside the experience of young children,

including cases involving drowning under certain conditions, access to dynamite or dynamite caps, movable machinery, high tension wires, and boards piled near where children play, in a manner that is inherently unsafe." (P. 65.) The court then observed that thus far "the doctrine has never been applied in a case involving only an opportunity to climb upon something, the danger of falling being something that is known and realized to all children from earliest infancy, or in a case involving a mere attraction to something as an opportunity to play. In *Loftus* v. *Dehail,* 133 Cal. 214 [65 P. 379], the court said:

" 'But it by no means follows, . . . that anything or everything which a jury may find, or a court may determine, to be attractive as a playground or plaything for children casts a responsibility of guard and care upon the owner of that thing. . . . Venturesome boys, and even girls, make playgrounds of unfinished buildings, climb perilous heights, and scamper over insecure boards and rafters. If an owner became responsible, merely because children were attracted, it would burden the ownership of property with a most preposterous and unbearable weight.'

 "In *Doyle* v. *Pacific Elec. Ry. Co.,* 6 Cal.2d 550 [59 P.2d 93], the court said:

" 'But it is not every contrivance or apparatus that a jury will be entitled to treat as an "attractive nuisance." Before liability may be imposed, always there must be something in the evidence tending to show that the device was something of a new or uncommon nature with which children might be supposed to be unfamiliar, or not to know of its danger. . . . There is nothing uncommon about a ladder. They are present in practically every home or house, and the danger of falling from them is familiar to children as well as to adults. The ladder was dangerous, but it was not uncommon, and in this case it was not a proximate cause of the injury.'

 "Under the cases just cited, and *Giddings* v. *Superior Oil Co.,* 106 Cal.App.2d 607 [235 P.2d 843], it appears that in some cases it may properly be held, as a matter of law, that the attractive nuisance doctrine is not applicable, and that the facts are not sufficient to warrant leaving the decision of that question to a jury. In general, it may be said that the cases where the doctrine has been applied have been cases where with the owner's knowledge children of tender years habitually come on his property to play, when a dangerous condition exists there which involves an *unreasonable* risk of

harm to such children, or where there is an unknown concealed danger or contrivance which constitutes a trap, the existence of which the child could not be expected to suspect.

■ "The applicability of the doctrine involves the elements of lure to children, the foreseeability of their playing on property where an unreasonable risk of harm exists, and the presence of a concealed or unknown danger. It involves whether the defendant should have anticipated that an injury would be apt to result from his failure to do something which the circumstances reasonably required, as distinguished from something that resulted only from the child's own activity." (Pp. 65-66. See also 2 Rest., Law of Torts, § 339; Prosser on the Law of Torts, 2d ed., pp. 438-445.)

Those principles apply here.

The cases upon which plaintiff relies bear no real resemblance to this case. They are not cases in which it could be said as a matter of law that plaintiff must have been aware of the hazard or the evidence demonstrated that he was in fact aware of the hazard. We should say a word about one of them, *Hines* v. *Milosivich,* 68 Cal.App.2d 520 [157 P.2d 45]. An 8-year-old boy fell into a sewer ditch which was being constructed. He had been warned by his parents and by the contractor. Yet a judgment in his favor was affirmed. In holding that there the question of negligence was one of fact, the reviewing court said that the trial court well may have inferred negligence from the fact that the contractor had failed to comply with an ordinance that required the erection of a barrier at either end of the ditch and that if he had erected the barrier he might have impressed upon the plaintiff an appreciation of the danger of falling in. Also, said the reviewing court, the defendant-contractor knew that the lad had not observed his repeated warnings; hence, the trial court could have inferred that defendant knew the boy did not realize the danger and therefore defendant should have taken further precautions by placing barriers around the open portions of the ditch. Those are elements not present in our case.

In view of this conclusion other issues discussed by the parties need not be considered.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.