[Civ. No. 23503. Second Dist., Div. Two. June 3, 1959.]

ED DAVIS, a Minor, etc., et al., Appellants, v. JOHN F. GOODRICH et al., Defendants; WILLIAM G. DICKINSON et al., Respondents.

Arthur J. Crowley, Horace A. Ruderman and Julian I. Harmon for Appellants.

Callaway, Kirtland & Packard, Henry E. Kappler and Mark E. O'Leary for Respondents.

FOX, P. J.—Plaintiff,* through his guardian ad litem, appeals from an order granting defendants' motions for nonsuit in plaintiff's action to recover damages for personal injuries.

On January 20, 1955, plaintiff's father took plaintiff and his older brother and sister to a large open field for the purpose of flying kites. This field was about one mile from plaintiff's home. The trip was made by automobile. In the vicinity of this area was a roller coaster which was in disuse. It was a wooden structure; there were no cars thereon and no movable machinery was involved. The structure was surrounded by an open field for one-half a mile to the south, two or three blocks to the west, one block to the north (bounded by Washington Boulevard), and one half a mile to the east. The roller coaster was about 30 feet high. There were no fences or other barricades around either the structure or the vacant field. Plaintiff, who was 2½ years old, strayed away from his father and apparently fell from the roller coaster while playing thereon. The nearest residence, identified by distance, a trailer court, was about three blocks to the west. At the conclusion of plaintiff's case, defendants' motions for a nonsuit were granted. Plaintiffs have appealed.

■ As a general rule, the owner of land is under no duty to keep his premises safe for trespassers. (*Peters* v. *Bowman,* 115 Cal. 345, 348 [47 P. 113, 598, 56 Am.St.Rep. 106].) The evidence in this case does not suggest that plaintiff occupied any position other than that of a trespasser. ■ However, since the case of *Barrett* v. *Southern Pac. Company* (1891), 91 Cal. 296 [27 P. 666, 25 Am.St.Rep. 186], California has recognized an exception to the above rule in the form of the attractive nuisance doctrine. (See *Puchta* v. *Rothman,* 99 Cal. App.2d 285, 287 [221 P.2d 744].) The conditions necessary to bring this doctrine into play are stated in section 339, Restatement of Torts. This statement of the attractive nuisance principle has been approved by California decisions. (*Courtell* v. *McEachen,* 51 Cal.2d 448 [334 P.2d 870]; *Reyn-*

---

*Although the mother and child are both plaintiffs, for convenience, we are referring only to the minor child as the plaintiff.

*olds* v. *Willson,* 51 Cal.2d 94 [331 P.2d 48].) Section 339 provides as follows:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

 Liability does not attach unless the risk involved is one which, because of his tender years, the trespasssing child is incapable of appreciating. In the instant case, there is no claim nor any evidence that this nonoperating roller coaster contained a trap of any sort, was inherently unsafe, or had any loose or moving parts. The sole danger presented was the possibility of injury resulting from a fall from an otherwise safe structure. "The doctrine has been applied in cases where hidden dangers exist which would be outside the experience of young children, including cases involving drowning under certain conditions, access to dynamite or dynamite caps, movable machinery, high tension wires, and boards piled near where children play, in a manner that is inherently unsafe." (*Lopez* v. *Capitol Co.,* 141 Cal.App.2d 60, 65 [296 P.2d 63].) In Prosser on Torts (Hornbook Series, 1941), at page 622, it is stated that "[a]ny child of sufficient age to be allowed at large may be expected to appreciate the ordinary risks of fire and water, of falling from a height or into an excavation. . . ." In the *Lopez* case, *supra,* the court stated at page 65 that "[t]hus far, the doctrine has never been applied in a case involving only an opportunity to climb upon something, the danger of falling being something that is known and realized by all children from earliest infancy, or in a case involving a mere attraction to something as an opportunity to play." With regard to climbing

in general, the court in the *Lopez* case stated at page 68 : "It can hardly be said, in reason, that this child [seven years of age] was too young to appreciate the danger involved. From the time they are born all children realize the danger of falling and instinctively clutch at something when they feel that danger is near. While the instinct to climb is practically universal, and it is carried on in a venturesome spirit, a consciousness of the risk of falling is always present. Beyond question, the minor plaintiff when climbing this scaffold knew that there was a risk of falling if he was not careful, knew that if he slipped he would fall, and knew that if he fell he might hurt himself." In *Loftus* v. *Dehail*, 133 Cal. 214, 218 [65 P. 379], the court remarked that "Venturesome boys, and even girls, make playgrounds of unfinished buildings, climb perilous heights, and scamper over insecure boards and rafters. If an owner became responsible, merely because children were attracted, it would burden the ownership of property with a most preposterous and unbearable weight." In *Severance* v. *Rose*, 151 Cal.App.2d 500 [311 P.2d 866], the plaintiff, age 10, was injured as a result of a fall. At page 502 the court commented: "The only risk attendant upon its use as a slide when thus resting upon the ground was perfectly obvious, the hazard of falling off the upper end or over either side. No sign warning of this hazard would be necessary for any adult nor for most children, even children of tender years. . . . There was involved no hidden risk, no element of entrapment, no moving machinery to impose upon defendant a duty toward plaintiff to install guard rails, post warning signs or take other precautions for plaintiff's protection should he choose to use this ski jump as a slide." The court then approved the language quoted above from the *Lopez* case. ▉ In 145 American Law Reports 322, 323, it is stated that decisions ". . . are generally to the effect that, under the attractive nuisance doctrine or a kindred principle, liability does not attach to an owner or occupant for an injury to a trespassing child who climbs upon and jumps or falls from a nondefective and stationary structure, at least where the structure is useful and properly located." In *Reynolds* v. *Willson, supra* (p. 100), a swimming pool case, the court recognizes that under the attractive nuisance doctrine, "the duty of the possessor does not extend to dangerous conditions on the land which are obvious even to children, such as the usual risks of fire, water, falling from a height and the like (citation)."

In the instant case, the record is wholly silent as to whether plaintiff actually knew of the danger incident to climbing or playing on elevated structures. If he knew, the attractive nuisance doctrine would clearly be inapplicable; liability only exists if "the children because of their youth do not discover the condition or realize the risk involved. . . ." (Rest., Torts, § 339 (c), *supra*.) A problem may arise where, for one reason or another, the injured child does not testify and there is no other evidence as to his knowledge of the danger involved in climbing and falling. Such is the instant case. As noted in the authorities referred to above, the danger of falling is something that is deemed known and realized by children from an early age. However, when dealing with a child of plaintiff's tender years, it cannot be stated as a matter of law that he either did or did not have sufficient mental development to fully appreciate the consequences of a fall from a high elevation. ■ "The ability to appreciate danger varies, of course, with the age of the child. . . ." (*Garcia* v. *Soogian*, 52 Cal.2d 107, 112 [338 P.2d 433].) Under such circumstances, this determination would ordinarily be a question for the trier of fact.

Assuming, *arguendo*, that had the case gone to the jury and it was found that plaintiff was in fact unaware of the danger, the evidence would, nevertheless, have been insufficient to warrant a recovery. Before liability may be imposed under the attractive nuisance doctrine, evidence must be presented which would support a determination that the defendant knew or should have known that children who would not appreciate the danger involved were likely to trespass upon the property. (Rest., Torts, §§ 339 (a) and (b).) In the instant case, there is no evidence that the defendants actually knew children had been accustomed to be in or about or upon the roller coaster, if such were the fact. While defendants should have realized that youngsters old enough to be allowed to venture unattended might find their way to the roller coaster, it would be equally reasonable for defendants to assume that children of this age-group would be cognizant of the hazards presented in playing upon the structure. (*Severance* v. *Rose, supra; Lopez* v. *Capitol Co., supra.*) The following language from *Knight* v. *Kaiser Co.,* 48 Cal.2d 778, 782 [312 P.2d 1089], which involved a sand pile, is apposite: "The dangers connected with and inherent in a sand pile are obvious to everyone, even to a child old enough to be

permitted by its parents to play unattended." However, as to children who, because of their tender age, would not realize the potential hazard, it seems unreasonable to charge defendants with knowledge that such children were likely to find their way upon the property. In the first place, the nearest residence was at least three blocks away. The roller coaster was surrounded by an open field for one-half a mile to the south and east. While we do not impute the negligence of a parent to the child, it would be entirely reasonable for defendants to believe that children who were so young that they could not understand the danger of falling would not have the opportunity to roam across city streets and travel substantial distances alone. As stated in the *Lopez* case, *supra,* at page 67: "It is not claimed that such a thing was known to have happened before, and it seems unreasonable to hold that small children were likely to trespass in the manner alleged under the circumstances as they existed at the time." Likewise, there is no basis for concluding that defendants knew or should have contemplated that children of plaintiff's age would be brought upon their property by adults or taken such substantial distances from their homes by other children.

Therefore, since the facts in this case, as shown by plaintiff's evidence, demonstrate the inapplicability of the attractive nuisance doctrine, and no other basis of liability was suggested by plaintiff's evidence, the nonsuit was properly granted.

The judgment [order granting motions for nonsuit] is affirmed.

Ashburn, J., and Herndon, J., concurred.