CARMELO LÓPEZ REYES ET AL., Plaintiffs and Appellees, *v.* AURELIO EMMANUELLI ET AL., Defendants and Appellants.

No. R-63-264.        Decided June 25, 1964.

*Ponsa Feliú* and *Calderón & Souss* for appellants. Appellees did not appear.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: This case was submitted to the trial court on the following stipulation of facts:

"(1) That on August 11, 1961, minor Iván López Rivera fell from building No. 409 of Bouret Street, Santurce, Puerto Rico, owned by codefendants Aurelio Emmanuelli and César Montilla.

"(2) That the said minor entered occasionally to collect the garbage of the tenants, but he did this without the knowledge and consent of the owners of the building and against the latter's express will, since whenever the janitor saw him and other children go inside he put them out immediately and forbade them to enter.

"(3) That in the lateral yard between the building referred to in the complaint and the adjoining building, also owned by defendants, there were four (4) large garbage cans for depositing the rubbish of both buildings.

"(4) That the building in question has two doors, that is, one on each lateral yard.

"(5) That the stairway is situated in the central upper part of the building and is not visible from the front.

"(6) That the stairway does not have any defect or vice of construction; that it has a door on the main floor, but has no door leading to the flat roof.

"(7) That the roof of the building is protected by a breast-high wall of three (3) feet.

"(8) That the building was fully rented and all the units and facilities are in possession of third persons.

"(9) That apparently the minor fell from the roof while playing therein and jumped over the breast-high wall."

The court rendered judgment for plaintiffs, holding that the "stairway of the building which is wide open at the place leading to the flat roof constituted an attractive nuisance to children owing to the possibility of playing on such a large roof terrace and the panoramic view which could be observed from there." It also held that "the only and direct cause of the accident sustained by the minor was the negligent, careless, and improvident manner of defendants in maintaining in their rental building a stairway which, as described in the stipulation, has a free entrance to the roof, without adopting the measures necessary, either with the tenants or with the parents of the minor, to prevent him from entering the building for the purpose of removing the garbage; and also the negligence and carelessness of the minor's parents in failing to supervise his activities, permitting him to take time from his school activities for the purpose of engaging in the work of removing garbage from defendants' building, and with the consequent opportunity of being attracted to the roof of the building in order to play games proper of his age."

The trial court therefore held (1) that the flat roof of the building constitutes an attractive nuisance, and (2) that defendants were negligent in maintaining a stairway in the building with a free entrance to the roof, and in failing to urge the tenants and the parents of the minor to forbid the latter to enter the building.

■ ■ The foregoing pronouncements are erroneous. The flat roof, as described in the stipulation of facts, does not constitute an attractive nuisance. According to the stipulation, apparently the minor fell from the roof while playing and jumped over the breast-high wall. On many occasions we have discussed in our decisions the doctrine of attractive nuisance.[1] The facts stipulated do not warrant the application of that doctrine in this case. It is very doubtful whether the roof in question could be trespassed by children, but assuming that it could, the same did not have any vices of construction nor did it involve a hidden risk, wherefore it cannot be asserted that the owners of the building knew or should know and realize that the flat roof involved an unreasonable risk of death or grave bodily injury to the trespassing children. Moreover, the child in this case was capable of discovering and realizing the risk involved in jumping or playing on the breast-high wall on the roof. As we stated in *Vargas* v. *Water Resources Authority*, 86 P.R.R. 99 (1962), from their most tender age children recognize the danger presented by water, fire, and height. See, also *Callahan* v. *Buttrey*, 186 F.Supp. 715; *Kravetz* v. *B. Perini & Sons*, 252 F.2d 905; *Davis* v. *Goodrich*, 340 P.2d 48; *Fourseam Coal Corp.* v. *Greer*, 282 S.W.2d 129.

■ On the other hand, defendants' negligence for which they should be held liable was not established. The facts stipulated do not show that the roof was a place where children met to play, either those who might live in the building

---

[1] *Pérez Vázquez* v. *Heirs of Amill*, 89 P.R.R. 363 (1963); *Díaz* v. *Central Lafayette*, 66 P.R.R. 780 (1947); *Ramos* v. *Sucesión J. Serrallés*, 51 P.R.R. 332 (1937); *Berríos* v. *Garáu*, 46 P.R.R. 773 (1934); *Nieves* v. *Cruz*, 85 P.R.R. 221 (1962); *Bonilla* v. *Loíza Sugar Co.*, 67 P.R.R. 359 (1947); *Vega* v. *American R.R. Co. of P.R.*, 57 P.R.R. 365 (1940); *Alvarez* v. *Santa Isabel Sugar Co.*, 37 P.R.R. 100 (1927); *Acosta* v. *P.R. Railway L. & P. Co.*, 37 P.R.R. 388 (1927); *González* v. *P.R. Light & Power Co.*, 34 P.R.R. 545 (1925); *Rivera* v. *P.R. Drug Co.*, 32 P.R.R. 470 (1923).

or those from outside. The stairway leading to the roof was in the upper part of the building and had a main door. On the occasions the minor was seen in the building, the janitor ordered him to leave and he was also forbidden to enter the same. The fact that the stairway did not have a door at the place leading to the roof terrace does not constitute an act of negligence under the facts of this case, for even assuming that there was such a door, the minor could go up to the roof if the door was open. In order to prevent this, it would have been necessary to maintain continuously at that place a janitor or person to see that the door was always kept closed, a condition which would be very onerous to the owners of the building.

We are therefore of the opinion that since defendants' negligence has not been established, nor that the place where the minor fell constituted an attractive nuisance, the complaint should not have prospered.

The judgment rendered by the Superior Court will be reversed and another rendered dismissing the complaint, with costs on plaintiffs.