Hillsborough,
No. 4602.

MICHAEL LABORE, *by his father and next friend,* WALTER LABORE

*v.*

DAVISON CONSTRUCTION CO., INC.

MADELINE A. LABORE *& a. v.* SAME.

Argued October 1, 1957.
Decided November 5, 1957.

*James M. Winston* (by brief and orally), for the plaintiffs.

*Devine & Millimet (Mr. Shane Devine* orally), for the defendant.

DUNCAN, J.   In his opening statement counsel for the plaintiffs

asserted that the evidence would show that the minor child Michael in company with other children "was taken into [the defendant's] building . . . and led to the second floor . . . where there were approximately twenty-five or thirty holes open in the floor," and fell through one of them to the first floor fifteen feet below; that although the defendant for at least ten days prior to the accident had notice that children "who had not yet attained the age of reason" were entering and playing about the building, which bordered a public highway adjoining the Labore residence, the defendant permitted three doors entering the building to remain unlocked, with glass in the doors broken; and that although it was making use of the building, it failed to take any action to prevent children from entering or to cover the holes in the second floor.

In support of its motions for nonsuits, which were granted, the defendant took the position that its knowledge that children had played about the building was "immaterial" and that it had no duty to the minor as a trespasser, either to bar his entrance or to render the "static condition" of the premises safe for him, or to cover the holes which the plaintiffs alleged existed.

It has long been the rule in this jurisdiction that "the owner of land . . . is under no obligation to keep his premises in a safe condition for the prevention of injury to trespassers." *Clark* v. *Manchester*, 62 N. H. 577, 579. Accordingly, it was held in the cited case that an action to recover for the death of a three-year-old child trespasser, based on common-law negligence, could not be maintained. The Court said "the fact that the person who suffered. injury and death was an infant child does not change the question, nor create a liability . . . where none would have existed . . . to an adult person under similar circumstances." Shortly thereafter the Court declined to follow the "attractive nuisance" doctrine and denied recovery on behalf of a seven-year-old child injured upon a railroad turn-table. *Frost* v. *Railroad*, 64 N. H. 220. See also, *Devost* v. *Company*, 79 N. H. 411.

In *Burrill* v. *Alexander*, 75 N. H. 554, 555, the general rule regarding the liability of landowners to trespassers was stated to be that landowners "are not liable unless the injury is caused intentionally" and "when the defendant is not present and acting at the time, he is under no liability to the trespasser on account of the mere condition of his premises." At the same time, however, it was recognized that liability to a known trespasser might also arise from active intervention on the part of the landowner. *Buch* v.

*Company,* 69 N. H. 257; *Hobbs* v. *Company,* 75 N. H. 73.

Relying upon these and other decisions, the defendant in the case before us maintains that no claim is here made of active intervention and that these actions may not be maintained. Neither the plaintiffs' writs nor the opening statement contain any allegation that the hole through which the minor child fell was created or uncovered by the defendant after it had notice that children had been trespassing upon its premises. Such evidence if presented might be thought to support a claim of active intervention for which an action could be maintained. See *McCaffrey* v. *Company,* 80 N. H. 45, 49; James, Tort Liability, 63 Yale L. J. 144, 176. The question is squarely presented whether the defendant may properly be found liable for failure to take reasonable precaution to prevent injury to small children in case of recurrence of the trespasses of which it was alleged to have had notice.

The governing principles were stated in *Dillon* v. *Company,* 85 N. H. 449: "In general, when the danger is great and the wrongful conduct of the injured person is not serious, it is reasonable for the law to find a relationship and to impose a duty of protection. A defendant in his own interest causing . . . dangerous conditions to exist should reasonably protect those likely to be exposed to them and not reasonably in fault for the exposure." *Id.,* 453. The rule applicable here was stated thus: "The duty not to carelessly intervene against known trespassers is not doubtful, and known trespassers include those whose presence should in reason be anticipated." *Id.,* 452. See also, *Lawrence* v. *Company,* 90 N. H. 27, 30.

Our decisions since *Hobbs* v. *Company, supra,* dealing with liability for active intervention have broadened the rule to the point where the landowner "may not carelessly cause force to be exerted against [a known trespasser] either by active or passive conduct" (*Castonguay* v. *Company,* 83 N. H. 1, 6); and failure to halt an active force already in motion, may constitute active intervention as well as the act of setting such a force in motion. *Id.; Dillon* v. *Company, supra; Smith* v. *Railroad,* 87 N. H. 246, 252; *McCaffrey* v. *Company, supra.* See *Public Service Co.* v. *Elliott,* 123 F. (2d) 2, 5; 2 Harper & James, Law of Torts, s. 27.6, pp. 1463, 1464. But this is the extent to which our cases go, and the case before us does not fall within them. No active force within the control of the defendant is claimed to have caused the plaintiff's injury. It resulted from the natural force of gravity, and there is

no indication that the plaintiff was misled by any deceptive condition maintained by the defendant for which it may be held accountable. *Cf. Chase* v. *Luce,* 239 Minn. 364; *Puchta* v. *Rothman,* 99 Cal. App. (2d) 285.

After the decision of most of our cases dealing with injury to infant trespassers, the law regarding the owners' liability in such cases was formulated in the Restatement of the Law of Torts, *s.* 339, which has received growing support. Prosser, Torts (2nd *ed.*) 440; *Wolfe* v. *Rehbein,* 123 Conn. 110; *Larson* v. *Company,* 248 Wis. 132. Even if the rule of the Restatement were to be applied, it would not permit recovery by the plaintiff in this case. "There are some dangers . . . which any child of sufficient age to be allowed at large may be expected to understand and appreciate — such as the usual risks . . . of falling from a height . . . . " Prosser, *supra,* 441, 442. See *Sanders* v. *Baird,* 195 Ark. 535. The requirement of *s.* 339 that "the utility . . . of maintaining the condition [must be] slight as compared to the risk to young children involved therein," contemplates that "there must have been a reasonably feasible way to remove the danger" (2 Harper & James, Law of Torts, 1458), and reflects the view that precautions are not to be required which would unreasonably interfere with the landowner's rights of user of his property. This principle may be thought to underlie the numerous decisions almost universally denying recovery to infant trespassers injured in buildings under construction. See anno. 44 A. L. R. (2d) 1253. No reason is apparent why it should not likewise apply to the use, presumably in demolition of the building in question, which the defendant was making both of the building itself and of the hole through which the plaintiff fell. "Surely, it would be an intolerable burden to require a landowner 'to guard every stairway, cellarway, retaining wall, shed, tree and open window on his premises, so that a child cannot climb to a precipitous place and fall off.' " James, Tort Liability, *supra,* 63 Yale L. J. 168.

We conclude that the plaintiff's case fails for want of evidence of active intervention on the part of the defendant which would subject it to liability to the plaintiff.

Decision of the issue raised by the plaintiffs' exception turns primarily upon the extent of the defendant's duty and not upon classification of the minor plaintiff as a trespasser or licensee. Whether he was upon the defendant's premises wrongfully, or whether he was there without fault on his part, as the plaintiffs

assert, no claim is made that he was there by permission. His status is material only as one of the circumstances bearing upon whether the defendant should have anticipated his presence. See *McCaffrey* v. *Company*, 80 N. H. 45, *supra*, 50; James, Tort Liability, *supra*, 63 Yale L. J. 181-2. The facts stated in the opening statement would not warrant a finding of a breach of any duty owed by the defendant, and the nonsuits were properly entered.

In view of the conclusion reached, if it was error to deny the defendant's motion to dismiss on the pleadings, the error was harmless.

*Exceptions overruled.*

All concurred.