[Civ. No. 18723. First Dist., Div. Two. Feb. 23, 1960.]

JOHN HELGUERA, JR., a Minor, etc., et al., Appellants, v. JOSEPH B. CIRONE, Respondent.

W. Frank Butters for Appellants.

L. A. Fonnesbeck for Respondent.

KAUFMAN, P. J.—Plaintiffs brought this action for damages for personal injuries sustained by their 7-year-old son when he fell from a defective scaffolding on a building owned and constructed by the defendant. A general demurrer to the first amended complaint was sustained without leave to amend, and plaintiffs have appealed from the ensuing judgment.

The allegations of the complaint may be summarized as follows: On or about April 6, 1958, defendant owned and was constructing a building at 149 Sutter Street in San Jose. A scaffolding along one side of the building was placed in close proximity to an overhang which protruded from the front of the building. The platform of the scaffold at the juncture with the overhang was defective and loose and there was no guard rail along the scaffold. Under the juncture of the scaffold and the overhang, there were open holes and excavations littered with rubbish and debris, which were an invitation to the minor children of the neighborhood, including the minor plaintiff, who entered thereon and played. The complaint further alleged that the premises were so negligently and carelessly owned, constructed and maintained by the

defendant that they were dangerous to children playing thereon as was known or should have been known to the defendant but not the 7-year-old plaintiff, and were an attractive nuisance. The usefulness of maintaining the scaffold, etc., was slight as compared with the risk involved, and reasonable safeguards could have been provided at small cost. The first and second causes of action of the first amended complaint are based on the theory of attractive nuisance; the third and fourth on the theory of liability in the case of habitual or constant trespass on a limited area and defendant's maintenance of a concealed danger or trap. The only question on this appeal is whether the first amended complaint states a cause of action against the defendant.

 The rule set forth in section 339 of the Restatement of Torts has been adopted as the law of this state with respect to the liability of a possessor of land for injury to a child trespasser. (*Courtell* v. *McEachen,* 51 Cal.2d 448 [334 P.2d 870] ; *Reynolds* v. *Willson,* 51 Cal.2d 94 [331 P.2d 48] ; *Garcia* v. *Soogian,* 52 Cal.2d 107 [338 P.2d 433].) Section 339 of the Restatement reads: "A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if (a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and (b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

The precise question here presented has not been determined in this state. In Pennsylvania which also has adopted the criteria of section 339, it has been consistently held that in situations involving a fall from a stationary object, the third condition has not been met. (*Kravetz* v. *B. Perini & Sons* (1958, C.C.A. 3), 252 F.2d 905; *McHugh* v. *Reading Co.* (1943), 346 Pa. 266 [30 A.2d 122, 145 A.L.R. 319].)

Defendant here similarly argues that the trial court properly sustained his demurrer because conditions (c) and (d) of the above quoted section have not been met. Defendant

also contends that *Puchta* v. *Rothman,* 99 Cal.App.2d 285 [221 P.2d 744] establishes the rule in this state, that the attractive nuisance doctrine does not apply to buildings under construction. In the Puchta case, a 10-year-old child fell into a concealed hole on the second floor of a building in construction after the defendant had removed a barricade which prevented access to the second floor. This court in affirming a judgment for the defendant sustaining a general demurrer without leave to amend, distinguished buildings in construction from other attractive nuisance cases and said at pages 289 and 290: "In applying the rule our courts draw the line at a situation where the protective measure would destroy or impair the usefulness of the property itself."

The Puchta case was followed in *Lopez* v. *Capitol Co.,* 141 Cal.App.2d 60 [296 P.2d 63], in which a 7-year-old child was injured when he climbed and fell from a scaffolding erected on a public sidewalk while the defendants were doing certain remodeling on the first story of a 10-story office building.

Recently, however, the law of this state relating to attractive nuisances has been modified. In *Woods* v. *City & County of San Francisco,* 148 Cal.App.2d 958 [307 P.2d 698], it was held that the fact that machinery and equipment are located in a building under construction does not as a matter of law eliminate the attractive nuisance. The court pointed out that it does not require a very fertile imagination to conceive of a construction case where the facts would meet all four requirements of section 339, and that the distinction between construction and other cases lay in condition number four of the Restatement, and said at page 965:

"There is no reason why a condition within or appurtenant to a building under construction which presents a great risk to children but which could be easily remedied or protected against at relatively little cost should not come within the doctrine. We do not believe that *Puchta* v. *Rothman* is authority for an inflexible rule that all cases concerning buildings under construction are excluded from the attractive nuisance doctrine. Rather, each case must be judged in the light of its own peculiar facts according to the four conditions laid down by section 339 of the Restatement of Torts."

This construction was approved by the Supreme Court in *Garcia* v. *Soogian,* 52 Cal.2d 107 [338 P.2d 433], where the court stated that there is no inflexible rule which would exclude liability in every case involving building materials or buildings under construction, and each such case

must be judged on its own facts. The court held that under the circumstances of the particular case, the 12-year-old plaintiff understood the danger, and pointed out that what is important is whether the danger of any particular condition is fully understood by the child as the ability to appreciate danger varies with the age of the child.

In *King* v. *Lennen,* 53 Cal.2d 340, 343 [348 P.2d 98], our Supreme Court reiterated the rule announced in *Garcia* v. *Soogian,* 52 Cal.2d 107 [338 P.2d 433], that the question of liability must be decided in the light of all circumstances and not by arbitrarily placing cases in rigid categories on the basis of the type of condition involved. The court then proceeded to change the previous rule with respect to swimming pools and held that a complaint stated a cause of action against the owner of a swimming pool in which a 1½-year-old child drowned. The court said at pages 345 and 346:

"A number of cases decided before *Garcia* v. *Soogian, supra,* 52 Cal.2d 107, and *Courtell* v. *McEachen, supra,* 51 Cal.2d 448, reasoned that the 'attractive nuisance' doctrine does not apply unless the dangerous condition is uncommon and different from natural conditions which exist everywhere and that a body of water, natural or artificial, is a common danger and therefore, as a matter of law, will not subject the possessor to liability for the drowning of a trespassing child, even if that child is too young to appreciate the danger. (See, e.g., *Knight* v. *Kaiser Co.,* 48 Cal.2d 778, 782 [312 P.2d 1089]; *Melendez* v. *City of Los Angeles,* 8 Cal.2d 741, 745 [68 P.2d 971]; *Doyle* v. *Pacific Elec. Ry. Co.,* 6 Cal.2d 550, 552 [59 P.2d 93]; *Peters* v. *Bowman,* 115 Cal. 345, 350-351, 355-356 [47 P. 113, 598, 56 Am.St.Rep. 106]; *Van Winkle* v. *City of King,* 149 Cal.App.2d 500, 506 [308 P.2d 512]; *Wilford* v. *Little,* 144 Cal.App.2d 477, 480-482 [301 P.2d 282]; *Lopez* v. *Capitol Co.,* 141 Cal.App.2d 60, 65-67 [296 P.2d 63]; *Lake* v. *Ferrer,* 139 Cal.App.2d 114, 117-118 [293 P.2d 104]; *Ward* v. *Oakley Co.,* 125 Cal.App.2d 840, 845 [271 P.2d 536]; *King* v. *Simons Brick Co.,* 52 Cal.App.2d 586, 590 [126 P.2d 627]; *Beeson* v. *City of Los Angeles,* 115 Cal.App. 122, 126-128 [300 P. 993]; *Reardon* v. *Spring Valley Water Co.,* 68 Cal.App. 13, 15-17 [228 P. 406].) This reasoning is inconsistent with the Restatement rule, and the cases cited above are disapproved insofar as their language or holdings are contrary to the views expressed herein. . . . The allegations describing the condition of defendants' pool and the surrounding premises, including the absence of an adequate fence

or other safeguard, state facts sufficient to permit a trier of fact to find that defendants should have realized that a serious danger of drowning was presented with respect to any unsupervised child of Boyd's age who might come to the pool. Obviously it could be found that a child of 1½ years would not understand the risk involved in being near a swimming pool, and it is alleged that Boyd did not know the danger. The last of the requirements set forth in section 339 was also sufficiently covered by the allegations that the utility to defendants of maintaining the condition was slight as compared with the risk to young children and that reasonable safeguards could have been provided at little cost.''

It appears particularly significant to us that the King case expressly overruled *Knight* v. *Kaiser Co.*, 48 Cal.2d 778 [312 P.2d 1089], which is more analogous to the instant case than any of the other recent California cases. Thus, it appears that at the present time, a very liberal view is to be taken in considering whether the allegations of a complaint sufficiently satisfy the third and fourth conditions of section 339.

Although the attractive nuisance doctrine has thus far in this state never been applied in a case involving only an opportunity to climb upon something, the danger of falling being something that is known and realized to all children from earliest infancy, or in a case involving a mere attraction to something as an opportunity to play, in view of the recent decisions of our Supreme Court, we are forced to conclude here that the complaint states a cause of action against the defendant, and it is left to a jury to determine whether the facts adduced at the trial satisfy the third and fourth conditions of section 339 of the Restatement of Torts. (*Brown* v. *Reliable Iron Foundry, Inc.*, 174 Cal.App.2d 294, 298-299 [334 P.2d 633]; *Schaffer* v. *Claremont Country Club*, 168 Cal. App.2d 351, 357 [336 P.2d 254, 337 P.2d 139].) There is some authority in other jurisdictions* which indicates that a defendant may be liable in a situation like the instant one. In *Chase* v. *Luce* (1953), 239 Minn. 364 [58 N.W.2d 565], the 5-year-old plaintiff entered a house being constructed by the defendants through an unlocked door and went up a flight of rough stairs to the second floor. No floor boards had been laid on the second floor and the plaintiff stepped onto rock lath nailed to the bottom of the joists and fell through to the

*The majority rule, however, is to the contrary. See *Labore* v. *Davison Construction Co.* (1957), 101 N.H. 123 [135 A.2d 591, 64 A.L.R.2d 966], and cases collected in 44 A.L.R.2d 1253.

first floor. The court held that all four conditions of section 339 of the Restatement of Torts had been met and affirmed a judgment for the plaintiff, rendered on a jury verdict. A similar result was reached in *Patterson* v. *Palley Mfg. Co.* (1948), 360 Pa. 259 [61 A.2d 861], in which the 14-year-old plaintiff was injured by the collapse of a wall which the defendants had partially demolished.

In any event under the specific allegations of this amended complaint, we have an important factor not present in the ordinary case of a fall by a climbing child. In the ordinary building operation in which a scaffolding for the use of workmen is carefully and properly constructed the only danger to children climbing upon it is the danger which is inherent in the possibility that any climbing child may fall from the object upon which he climbs. In such circumstances, it would probably rarely happen that the existence of condition 4 of section 339, Restatement of Torts, could be proved, since the cost of any preventive measures which might effectively keep children from access to the scaffolding would in most cases be prohibitive. The case as here alleged is not such an ordinary case. The amended complaint here alleges specifically that "the platform or walking surface of said scaffold . . . was defective (and) loose. . . ." ██ The maintenance of a defective and loose walking platform on a scaffolding upon which children may reasonably be expected to climb adds a hazard which could readily be remedied at slight expense thus satisfying condition 4 of section 339 of the Restatement. It also makes it much easier to satisfy condition 3 since a child who might appreciate the ordinary danger of falling from a properly constructed scaffold could not, any more than an adult workman using the same scaffold, anticipate a danger of falling which arose only from the scaffold's faulty construction. This added circumstance clearly brings the case within the reasoning of the opinion of this court written by Mr. Justice pro tem. Stone in *Woods* v. *City & County of San Francisco, supra,* 148 Cal.App.2d 958, and *Garcia* v. *Soogian, supra,* 52 Cal.2d 107. It is equally clear that a defective and loose platform not readily apparent would fall within the trap doctrine.

In view of the above, plaintiffs' remaining argument that the third and fourth counts of the complaint state a cause of action on the "concealed trap" theory, the elements of which are set forth in sections 334 and 335 of the Restatement of Torts, is well taken. The trap theory is well established in

this state (*Reynolds* v. *Willson*, 51 Cal.2d 94, 101-102 [331 P.2d 48]), and the allegations of the complaint, while they might be subject to special demurrer, are not vulnerable as against a general demurrer.

Judgment reversed with directions to the trial court to rule on the special demurrer and if it is sustained to grant reasonable time to amend.

Dooling, J., and Draper, J., concurred.