Rockingham
No. 97-311

GERARD CUSSON & a.

v.

DENNIS A. BEAUREGARD

March 5, 1999

*Borofsky, Lewis & Amodeo-Vickery, P.A.*, of Manchester (*Stephen E. Borofsky* and *Carole A. Mansur* on the brief, and *Mr. Borofsky* orally), for the plaintiffs.

*Carol L. Hess, of Concord*, by brief and orally, for the defendant.

JOHNSON, J. The plaintiffs, Gerard and Bertha Cusson, appeal a decision of the Superior Court (*Gray*, J.) granting the motion of the defendant, Dennis A. Beauregard, for a nonsuit. We affirm.

The plaintiffs allege the following facts. Mr. Cusson was driving his motorcycle southbound on Mammoth Road in Manchester while the defendant was driving his truck eastbound on Bridge Street. The two vehicles collided at the intersection. Mr. Cusson hit a piece of wood the defendant had placed over two metal brackets designed

to hold a snow plow. The collision caused severe injuries to Mr. Cusson, which he claimed were caused by the snow plow brackets. Mrs. Cusson claims that Mr. Cusson's injuries have caused her to suffer a loss of consortium.

In their opening statement, the plaintiffs alleged that the defendant operated his truck with an improper and illegal front bumper, and that the defendant had a duty to keep a proper lookout before heading into the intersection, even though he had a green light.

After the plaintiffs' opening statement, the trial court dismissed the case on the defendant's motion, stating:

> The crux of the plaintiff's case was not that the driving of either party was at fault but that the design and construction of a wooden fender across two snow plow attachments on defendant's truck caused the injuries to plaintiff by not having sufficient strength to push the plaintiff's motorcycle aside but rather broke, allowing the plow bracket to strike the plaintiff's leg. Plaintiff admitted in his opening [statement] that he ran a red light and that the defendant had a green light. Nowhere in his opening did the [plaintiff] allege that the defendant's negligence caused this accident. [Plaintiff] misconstrues damages with causation. The plow bracket may have caused the injuries but there must be negligence in the cause of the accident. None was alleged
> . . . .

The plaintiffs appeal, arguing that the trial court improperly granted the defendant's motion for a nonsuit. On appeal, we review the grant of a motion for nonsuit after an opening statement to determine "whether upon that evidence there is a case for submission. In passing upon defendant's motion for nonsuit, the Court must consider the evidence as true and consider all the evidence most favorably to the plaintiff." *Carr v. Company*, 101 N.H. 84, 85, 133 A.2d 497, 498 (1957) (quotation and citation omitted); *see also Labore v. Company*, 101 N.H. 123, 126-27, 135 A.2d 591, 594 (1957).

The plaintiffs alleged that the defendant breached two duties which proximately caused the plaintiffs' injuries; namely, failure to yield and failure to have a proper bumper. The trial court dismissed the plaintiffs' claims, noting that the plaintiffs misconstrued damages with causation. We have held that

> there is no duty to lessen damages if the actor is not responsible for the accident. To require that an operator . . . lessen the force of a possible impact might result in an

accident when otherwise it would be avoided, or in making one worse. We are not now concerned with lessening the force of a certain impact or with equipping a car against possible collisions. There is no legal duty to lessen the force of a collision by operation of a car where there is not responsibility for avoiding it.

*Martin v. Hodsdon*, 93 N.H. 66, 70, 35 A.2d 402, 404 (1943); *see also* 8 R. MCNAMARA, NEW HAMPSHIRE PRACTICE, PERSONAL INJURY § 134, at 184 (2d ed. 1996) ("one is not liable even for the aggravation of an accident unless one is the cause of it"). Even assuming the defendant had a duty to keep a proper lookout, our review of the record reveals that the plaintiffs conceded in their opening statement that "it really wasn't the driving of Mr. Cusson or Mr. Beauregard that caused the injuries in this case."

In most cases, the defendant's breach of duty is causally related to both the underlying accident and the resulting injury. In this case, however, even assuming the defendant's snow plow attachments caused enhanced injuries, the defendant did not breach any duty by proceeding through the green light with an affixed snow plow attachment. To be negligent, the defendant's breach of duty must be related to the cause of the underlying accident and resulting damage. *See Martin*, 93 N.H. at 70, 35 A.2d at 404.

As the plaintiffs conceded, Mr. Cusson proceeded through a red light while the defendant had a green light. *Cf.* RSA 265:10, III (1993) ("[v]ehicular traffic facing a steady circular red signal alone shall stop"). Traffic rules controlling rights of way through intersections are designed to prevent accidents by regulating the flow of traffic. *See* E. FISHER & R. REEDER, VEHICLE TRAFFIC LAW 17-18 (1974). After passing through a red light, the plaintiff was injured by colliding with the defendant's truck, precisely the type of accident traffic controls are designed to avoid. *Id.* "[O]ne should not be relieved from responsibility for injuries resulting from his negligence where such negligence consists of the violation of a statute or ordinance designed to promote safety." 57A AM. JUR. 2D NEGLIGENCE § 666, at 616 (1989).

Further, we note that the plaintiffs' claim for damages is under an enhanced injuries theory arising from the defendant's use of the snow plow attachments. This theory may be applicable in a products liability action against a manufacturer, *see, e.g., Masterman v. Veldman's Equipment, Inc.*, 530 N.E.2d 312, 314 (Ind. Ct. App. 1988); *Valk Manufacturing v. Rangaswamy*, 537 A.2d 622, 628-29 (Md. Ct. Spec. App. 1988), but it has not been recognized for claims

against consumers of products such as the defendant in this case, *see generally* 63A AM. JUR. 2D *Products Liability* §§ 1020-1039 (1997) (provisions regarding enhanced injury claims in products liability actions).

■ The plaintiffs' opening statement failed to establish a *prima facie* case of negligence sufficient to survive a motion for nonsuit. *See Witte v. Desmarais*, 136 N.H. 178, 182, 614 A.2d 116, 117 (1992).

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.