Rockingham
No. 98-436

WAYNE MULLIN & a.

v.

VIOLET M. JOY

April 17, 2000

*McKible Law Office*, of Concord (*Gregory R. Couture* on the brief and orally), for the plaintiffs.

*Wiggin & Nourie, P.A.*, of Manchester (*Meredith P. Cook* on the brief, and *Dennis T. Ducharme* orally), for the defendant.

BROCK, C.J. The plaintiffs, Wayne Mullin (Mullin) and his parents, William and June Mullin, appeal the Superior Court's (*Galway*, J.) denial of their motion to set aside the verdict and for a new trial. The jury had returned a verdict for the defendant, Violet M. Joy. We reverse and remand.

This suit arose from a collision between an automobile driven by the defendant and a bicycle ridden by Mullin. The plaintiffs brought suit, and the jury returned a verdict for the defendant. The plaintiffs moved to set aside the verdict and for a new trial, *see* SUPER. CT. R. 73, arguing that the jury's verdict was "conclusively against the weight of the evidence" and "[flew] in the face of the law [and] the evidence." The trial court denied the motion.

On appeal, the plaintiffs argue that the accident could not have occurred but for the defendant's negligence in failing to observe Mullin on his bicycle, only ten feet away.

"A jury verdict may be set aside if it is conclusively against the weight of the evidence." *Broderick v. Watts*, 136 N.H. 153, 162, 614 A.2d 600, 606 (1992). "Conclusively against the weight of the evidence should be interpreted to mean that the verdict was one no reasonable jury could return." *Id.* (quotations and brackets omit-

ted). We will uphold the trial court's decision on a motion to set aside a verdict unless the decision was made without evidence or the court abused its discretion. *See Eichel v. Payeur*, 107 N.H. 194, 196, 219 A.2d 287, 288 (1966).

The plaintiffs assert that the uncontroverted evidence showed that Mullin had the right-of-way as he approached the defendant's automobile, the defendant failed to yield, and the collision occurred in Mullin's travel lane. Therefore, they argue that no reasonable jury could have found that the defendant did not violate RSA 259:91 (1993) and that she was not legally at fault. The plaintiffs further assert that the defendant's claim that the sun blinded her vision compelled her to exercise greater care by taking precautions to compensate for her lack of vision.

Mullin, as a bicyclist, had "all of the rights and [was] subject to all the duties applicable to the driver of any other vehicle under the rules of the road." RSA 265:143 (1993). One such right was the right-of-way, as RSA 259:91 provides:

> "Right-of-way" shall mean the right of one vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under such circumstances of direction, speed or proximity as to give rise to the danger of collision unless one grants precedence to the other.

"Traffic rules controlling rights of way . . . are designed to prevent accidents . . . ." *Cusson v. Beauregard*, 143 N.H. 410, 412, 727 A.2d 979, 981 (1999). We have held that "one should not be relieved from responsibility for injuries resulting from his negligence where such negligence consists of the violation of a statute or ordinance designed to promote safety." *Id.* (quotation and brackets omitted).

The evidence unequivocally established that the defendant failed to yield the right-of-way to Mullin and violated her statutory duty to yield to all oncoming traffic. *See* RSA 259:91. Mullin was injured in a collision with the defendant's automobile, precisely the type of accident the statute was intended to prevent.

The defendant testified that at about 3:00 p.m. on September 10, 1994, she was driving out of a gas station on Main Street in Salem. She testified that the traffic around the gas station was "moderate" and that the road was flat and straight. She brought her car to a stop at the end of the gas station's driveway and before the sidewalk. She testified that she looked twice in both directions for oncoming traffic, but that her vision was impaired when she looked left because "the sun was really bad." When she looked left for the

second time, even though her vision was impaired by the sun, the defendant was able to see an oncoming car, a fire station on the same side of the street as the gas station, and a blinking light near the fire station in the distance, but she "[n]ever saw [Mullin] at all," who was approximately ten feet away.

As the defendant checked for traffic, Mullin approached the defendant's automobile on his bicycle, traveling close to the white traffic line on the edge of the street. By his testimony, he was traveling between eighteen and twenty miles per hour. Mullin noticed the defendant's automobile stopped at the gas station when he was approximately one hundred feet away.

The defendant, despite being partially blinded by the sun, concluded it was safe and began to proceed into the roadway. Mullin testified that "[r]ight before I was to pass in front of her car to go by her, the car pulled out." He stated that he had "no reaction time whatsoever" as he was "ten or eight feet, less than ten feet" from the defendant's car when she pulled out into his travel lane. Mullin hit the defendant's vehicle, assumes that he went over the hood, and landed in the middle of the road beyond the car. The defendant "started to proceed out, and all of a sudden I heard a bump. And I saw — I saw the bike go, but I never saw the boy . . . ." The defendant testified that she stopped her car immediately, "right in the middle of the road." When asked by counsel what she meant by "middle of the road," she testified, "Well, I probably proceeded a little bit over. I mean, I stopped immediately. I can't say that I was directly just on my side. I probably was a little bit. But I was — I was blocking traffic."

In its jury charge, the trial court quoted RSA 259:91 and instructed: "If you find that there was a violation of that statute and that caused or contributed to cause the injuries to the plaintiff, that amounts to a legal fault." It also stated that "[a] violation of the provisions of a statute, if you find that violation caused or contributed to cause the injury or damage suffered by the plaintiff, amounts to legal fault." The jury returned a verdict for the defendant, and the trial court subsequently denied the plaintiffs' motion to set aside the verdict and for a new trial, determining that the verdict was not conclusively against the weight of the evidence. We disagree.

Given the evidence at trial, the jury's verdict that the defendant was not legally at fault for the collision does not conform with the jury instruction on the duty to yield the right-of-way. The instruction stated that a failure to yield amounts to a legal fault. There can be no question here that the defendant violated that duty by failing

to yield. *See* RSA 259:91. By her own admission, the defendant pulled into Mullin's travel lane and he struck her automobile. The defendant violated her duty to avoid injuring one who might be using the street while she was partially blinded by the sun. *See id.; cf. Hartigan v. Robertson*, 409 N.E.2d 366, 369 (Ill. App. Ct. 1980) (proceeding without vision has been described as negligence as matter of law). The collision would not have happened had the defendant seen Mullin and yielded to his right-of-way.

The defendant contends that a reasonable jury could have found her not negligent because evidence was presented that she was as careful as she could have been under the circumstances, and that the collision occurred despite her best efforts. *See generally Hackett v. Perron*, 119 N.H. 419, 422, 402 A.2d 193, 195 (1979) (occurrence of accident does not require finding of fault). Although we have held that "a motorist is not an insurer against all accidents involving injuries to [minors]," *Ross v. Express Co.*, 100 N.H. 98, 100, 120 A.2d 335, 336 (1956), in this case the record is devoid of evidence that the defendant took any steps whatsoever to compensate for her lack of clear vision. The only excuse raised for not seeing the bicycle was that the "sun was real bad." At trial, the defendant did not present any evidence that she attempted to compensate for her lack of vision, such as raising her hand to block the sun, using a sun visor, sounding her horn before proceeding, inching out, or finding an alternative exit. In fact, she conceded that she was wearing her regular glasses and not sunglasses or clip-ons. Additionally, counsel conceded at oral argument that it was reasonably foreseeable that a bicycle might be on the road. She simply looked in both directions twice, thought that she could go, and pulled into Mullin's travel lane when she knew that she could not see clearly to her left. We agree with the court in *Tapp v. Blackmore Ranch, Inc.*, 575 N.W.2d 341, 348 (Neb. 1998), that sunlight "is a condition that requires drivers to exercise a degree of care commensurate with the circumstances." The defendant took no such action. *See Addison v. Travelers Insurance Company*, 281 So. 2d 805, 810 (La. Ct. App. 1973) (providing that driver blinded by sun has duty to reduce speed); *Barth v. Reichert*, 181 N.E.2d 609, 612 (Ill. App. Ct. 1962) (driver may not be able to avoid being blinded by sunlight, but question is what driver does after being blinded).

■ Based on the evidence presented at trial, we conclude that no reasonable jury could conclude that the defendant did not fail to yield the right-of-way and was not at fault for the injuries to the plaintiffs. Accordingly, the trial court erred in denying the plaintiffs'

motion to set aside the verdict and for a new trial. The case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

NADEAU, J., did not sit; the others concurred.