Burke v. Dartmouth College          CV-02-312-JM  01/24/03

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Sarah Burke

   v.                                        Civil No. 02-312-JM
                                            Opinion NO. 2003 DNH 016
Dartmouth College

**O R D E R**

In a motion which is notable for both its brevity <u>and</u> its precision (it cites the two dispositive precedents and wastes neither ink nor trees) the defendant moves to dismiss Counts II and III of plaintiff's complaint.  In plaintiff's response she stipulates to dismissal of Count III but objects as to Count II.

<u>Discussion</u>

Count II, in this diversity case, sets forth a claim under the "attractive nuisance doctrine".[1]  The doctrine was rejected in New Hampshire in 1886.  <u>Frost v. Eastern R.R.</u>, 64 N.H. 220 (1886).  Justice Griffith clearly stated the Court's rejection of the attractive nuisance doctrine and clearly set forth the

---

[1]The origin of the "attractive nuisance" doctrine is credited to an 1875 Minnesota case involving a seven-year old injured on a revolving railroad turntable. <u>Keffe v. Milwaukee & St. Paul Ry.</u>, 21 Minn. 207 (1875).  As revised by Justice Holmes, the doctrine only applies where a child was attracted to the premises by the very thing which injured her. <u>United Zinc & Chemical Co. v. Britt,</u> 258 U.S. 268 (1922).

controlling premises liability standard.  See <u>Ouellette v.</u>

<u>Blanchard</u>, 116 N.H. 552, 555-557 (1976).  This standard has been

reaffirmed as recently as August 10, 2001.  <u>Morse v. Goduti</u>, 146

N.H. 697, 699 (2001).  As defendant maintains, Count II, alleging

an attractive nuisance, does not state a claim cognizable under

New Hampshire law.

Plaintiff's counsel should have read the cases cited by

defendant and stipulated to dismissal of Count II.[2]

For the reasons set out above the motion (document no. 4) is

granted.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:  January 24, 2003

cc:    Peter E. Hutchins, Esq.
       James C. Wheat, Esq.

_____

[2]Plaintiff's counsel miscites Restatement (Second) of Torts
§ 339 ("attractive nuisance") as § 889 ("abatable artificial
nuisance").  Section 339 was considered at least twice by the New
Hampshire Supreme Court and never adopted.  See <u>Ouellette</u>, 116
N.H. at 558 (concurring opinion); <u>Labore v. Davison Construction</u>,
101 N.H. 123, 126 (1957).