Strafford
No. 2002-502

HAYDEN AND LAURETTE BABB

v.

BENJAMIN CLARK

Argued: July 16, 2003
Opinion Issued: October 2, 2003

*Burns, Bryant, Hinchey, Cox & Rockefeller, P.A.*, of Dover (*Paul R. Cox & a.* on the brief, and *Mr. Cox* orally), for the plaintiffs.

*Wiggin & Nourie, P.A.*, of Manchester (*Dennis T. Ducharme* on the brief and orally), for the defendant.

NADEAU, J. The plaintiffs, Hayden and Laurette Babb, appeal the Superior Court's (*Mohl,* J.) denial of their motion to set aside a jury verdict in favor of the defendant, Benjamin Clark. We affirm.

The jury could have found the following facts. This case arose from a three-car accident, involving two rear-end collisions at a traffic signal on High Street in Somersworth. The accident occurred at or about the time when the traffic signal turned from red to green. An Isuzu Rodeo driven by Dena-Jo Caron was one of the vehicles stopped at the red light. The plaintiffs' car, driven by Mr. Babb, was behind the Caron vehicle. The defendant's vehicle, a fifteen-passenger van, was behind the plaintiffs' car. At or about the time when the light changed to green, the plaintiffs' car rear-ended the Caron vehicle and the defendant's van rear-ended the plaintiffs' car. The plaintiffs sued the defendant for Mr. Babb's personal injuries.

At trial, the defendant conceded that he rear-ended the plaintiffs' vehicle. He asserted that he was not negligent because there was not enough time for him to stop his van. The occupants of the Caron vehicle testified that the plaintiffs' car hit their vehicle twice. As one of the occupants testified, "the person behind us . . . ping-ponged, came back and hit us twice."

The jury returned a general verdict in the defendant's favor, which the plaintiffs moved to set aside. *See* SUPER. CT. R. 73. The trial court upheld the verdict, finding that the jury could have reasonably inferred from the evidence that the plaintiffs' car hit the Caron vehicle first, before the defendant's van rear-ended it, propelling it again into the Caron vehicle. The court ruled that the jury could have reasonably concluded, in the absence of evidence that Mr. Babb's injuries were caused by the collision with the defendant's van, and not by the initial collision with the Caron vehicle, that the plaintiffs failed to meet their burden of proving the defendant's negligence. Thus, the court held: "[I]t is not that the defendant was free from fault; far from it. That is not the focus of the court's inquiry here. It is that the plaintiffs did not attempt to, and did not, distinguish between the two separate impacts in terms of what caused [Mr. Babb's] injuries."

"We will set aside a jury verdict if it is conclusively against the weight of the evidence or if it is the result of mistake, partiality, or corruption." *Quinn Bros. v. Whitehouse*, 144 N.H. 186, 190 (1999) (quotations omitted). The plaintiffs argue only that the verdict is conclusively against the weight of the evidence. "Conclusively against the weight of the evidence should be interpreted to mean that the verdict was one no reasonable jury could return." *Mullin v. Joy*, 145 N.H. 96, 96-97 (2000) (quotation omitted). We will uphold the trial court's decision on a motion to set aside the verdict unless the decision was made without evidence or the court committed an unsustainable exercise of discretion. *Id.* at 97; *see also State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

The defendant contends that the plaintiffs have waived any claim that the verdict is against the weight of the evidence because they failed to file a motion for directed verdict at trial. A motion for directed verdict is required before a motion to set aside the verdict on sufficiency grounds, but is not required before a motion to set aside the verdict on the ground that it is against the weight of the evidence. *See Allstate Ins. Co. v. Carr*, 119 N.H. 851, 854 (1979); *Underhill v. Baker*, 115 N.H. 469, 472 (1975); *Bennett v. Larose*, 82 N.H. 443, 445-48 (1926); 5 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 48.01, at 326, § 56.03, at 426-27. We do not address whether this distinction between a motion to set aside a verdict because of insufficient evidence and a motion to set aside a verdict because it is against the weight of the evidence is still viable following our decision in *Panas v. Harakis & K-Mart Corp.* 129 N.H. 591 (1987), because the parties have not raised that issue.

The trial court ruled that the jury's verdict was reasonable, in part, because it was consistent with "one plausible interpretation of the evidence." Under this interpretation, the plaintiffs' car collided with the Caron vehicle before the defendant's van hit the plaintiffs' car. There is evidence in the record to support this theory. Mr. Babb testified that, when the light turned green, "the cars in front of me started to go forward, and I did too. And then, I didn't — don't remember putting the brake on, but the traffic slacked up just a little bit, and 'bang,' I got hit from behind." The Carons, however, testified that, when the light turned green, their vehicle was at a complete stop and had not yet moved before the plaintiffs' car hit it from behind. The jury could have chosen to believe the Carons' version over Mr. Babb's and, from this testimony, inferred that the plaintiffs' car hit the Caron vehicle before the defendant's van hit the

plaintiffs' car. Thus, with respect to this portion of the verdict, the trial court's ruling is a sustainable exercise of discretion.

The trial court further ruled that, having determined that the plaintiffs' car first collided with the Caron vehicle, the jury could then have reasonably concluded that the plaintiffs failed to prove that the collision with the defendant's van, rather than the collision with the Caron vehicle, caused Mr. Babb's injuries and, thus, failed to meet their burden of proof. This too is a sustainable exercise of discretion. The record shows that the plaintiffs offered no evidence that Mr. Babb's injuries were caused by the collision with the defendant's van. Absent evidence linking the defendant's alleged negligence to the plaintiffs' damages, the plaintiffs failed to prove their negligence claim. *Kravitz v. Beech Hill Hosp.*, 148 N.H. 383, 391 (2002).

The plaintiffs urge us to apply our decision in *Trull v. Volkswagen of America*, 145 N.H. 259 (2000), to this case. In *Trull*, we ruled that the defendants in a crashworthiness case bear the burden of apportionment once the plaintiffs prove causation. *Id.* at 260. We decline their invitation. *Cf. Cusson v. Beauregard*, 143 N.H. 410, 412-13 (1999).

In addition, although the trial court intimated to the contrary, the jury could have reasonably concluded, based upon the Carons' testimony, that the accident occurred without any fault on the part of the defendant. We do not interpret the trial court's comment that the defendant was not "free from fault" as a formal finding.

*Affirmed.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.