Copp v. Atwood                          CV-04-337-JD  01/24/05
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Kevin C. Copp

      v.                              Civil No. 03-288-JD
                                      Opinion No. 2005 DNH 010
Bradford T. Atwood
and Clauson & Atwood


                          O R D E R


      Kevin C. Copp was involved in a two-car accident in 1999 on

Route 89 in Lebanon, New Hampshire.  After his former attorney,

Bradford T. Atwood, and Atwood's law firm, Clauson & Atwood,

failed to bring suit against the driver of the other car within

the time allowed by the statute of limitations, Copp retained new

counsel and filed suit against Atwood and Clauson & Atwood,

alleging professional negligence and violation of the New

Hampshire Consumer Protection Act, New Hampshire Revised Statutes

Annotated ("RSA") § 358-A:10.  The parties have filed motions for

partial summary judgment.[1]

_____

      [1]Copp included a cross motion for partial summary judgment
on his Consumer Protection Act claim as part of his objection to
the defendants' motion.  Under the local rules of this court,
"[m]otions, other than those submitted during trial, shall be
considered only if submitted separately from other filings and
only if the word 'motion' appears in the title."  LR 7.1(a)(1).
Therefore, the court will not consider Copp's cross motion on his
Consumer Protection Act claim.

Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Background

The accident occurred on May 4, 1999, when the driver of the other car involved in the accident, Pamela Kvam, attempted to turn across both lanes of Route 89 to a crossover on the median strip in order to get to the northbound side of the highway. Kvam slowed to nearly a stop pulling toward the shoulder in the right lane and then abruptly turned across both lanes, heading for the median. Copp hit Kvam's car, which caused his car to leave the road and roll over several times in the median area.

2

In August of 2001, Copp contacted Atwood to represent him in connection with the accident. Copp and Atwood signed a contingent fee agreement in January of 2002. The time to file suit passed on May 4, 2002. The defendants do not dispute that suit was not filed within the time allowed by the statute of limitations. They also do not dispute that they violated the standard of care for purposes of liability as to the professional negligence claim.

Copp made several telephone calls to Atwood during November and December of 2002 to inquire about the status of his case. Atwood did not take his calls or return them. Copp then sent letters in January and February of 2003, requesting an update. Copp represents that when he was unable to reach Atwood after calls on five consecutive days, he finally got through by pretending to be someone else. Atwood gave him excuses for not responding to his inquiries. In a later conversation, Atwood admitted that he missed the filing deadline. Copp filed this action in July of 2003.

## Discussion

Copp moves for partial summary judgment as to liability on his professional negligence claim. The defendants object, asserting that material factual issues must be decided by a jury

3

as to the underlying case against Kvam.  The defendants move for partial summary judgment as to Copp's Consumer Protection Act claim.

A.  <u>Professional Negligence</u>

"In a legal malpractice case, a plaintiff must prove:  (1) that an attorney-client relationship existed, which placed a duty upon the attorney to exercise reasonable professional care, skill and knowledge in providing legal services to that client; (2) a breach of that duty; and (3) resultant harm legally caused by that breach." <u>McIntire v. Lee</u>, 149 N.H. 160, 165 (2003).  If the plaintiff contends that the harm caused by his attorney's negligence was the loss of a legal action, he must prove that he would have been successful but for his attorney's negligence. <u>Id.</u>  To prove damages, the plaintiff must show the amount of the judgment that he would have received in the underlying case and that the judgment would have been collectible. <u>Carbone v. Tierney</u>, 2004 WL 2827247, at *8 (N.H. Dec. 10, 2004).

The defendants concede that an attorney client relationship existed and that they breached the duty owed to Copp as their client.  Because Copp seeks summary judgment on only the issue of liability, not damages, the amount of the judgment in the underlying case and whether that judgment would have been

4

collectible from Kvam are not issues that need to be resolved for purposes of the present motion. Therefore, the only question in dispute for purposes of summary judgment is whether, based on the undisputed facts presented here, Copp would have been able to establish Kvam's liability for negligence in a suit against her.

To succeed on a negligence claim against Kvam, Copp would have to prove that she owed him a duty, that she breached the duty, and that the breach proximately caused his injury. Carignan v. N.H. Int'l Speedway, Inc., 858 A.2d 536, 540 (N.H. 2004). A duty exists, under common law, to use reasonable care to avoid foreseeable risks of harm. Goodwin v. James, 124 N.H. 579, 583 (1991); Patterson v. Corliss, 112 N.H. 480, 484 (1972). In addition, statutes, such as traffic laws, impose duties on drivers, and violation of such statutes constitutes legal fault. See Mullin v. Joy, 145 N.H. 96, 97 (2000); Marquay v. Eno, 139 N.H. 708, 713 (1995).

As presented for purposes of summary judgment, the factual background about the accident is undisputed. Kvam was driving southbound on Route 89 looking for exit 20. When she realized she had missed the exit, she decided to make a u-turn across the median to reverse direction. She saw a crossover in the median, slowed down, almost coming to a stop, and pulled over to the right side of the highway toward the shoulder. When Copp saw her

5

do that, he moved into the passing lane to go around her. The speed limit was sixty-five miles per hour, and Copp states that he was traveling at sixty-five.

As Copp moved into the passing lane, Kvam abruptly turned across both lanes toward the median, directly in front of Copp. He hit her car in the driver's door. The impact spun Kvam's car and sent Copp's car beyond the shoulder where it rolled over three times in the median coming to rest on the driver's door. Copp was pinned in the car and had to be extricated by emergency personnel who responded to the accident. Copp was injured in the accident, although the extent of his injuries is disputed.

Witnesses to the accident said that Copp had nowhere to go to avoid the accident. The crossover was marked, and Kvam said after the accident that she knew she was not supposed to drive over the median on the crossover. She was convicted of attempting to make an illegal u-turn through the median in violation of RSA 265:26.[2]

It is undisputed that the defendants' failure to bring suit within the time allowed caused Copp to lose the opportunity to sue Kvam to recover for the injuries he sustained in the accident. Ordinarily, a jury decides the factual issues of the

---

[2]RSA 265:26 prohibits driving across a median area on a divided highway.

6

underlying suit, as a substitute for the jury trial the plaintiff would have had but for his attorney's negligence. <u>Witte v. Desmarais</u>, 136 N.H. 178, 189 (1992). In this case, however, the undisputed facts, as presented for summary judgment, do not require a jury's decision as to Copp's success on the merits of his claim against Kvam.

No reasonable jury could find that Kvam used reasonable care to avoid a foreseeable risk of harm when she turned across Route 89 to make an illegal turn through the median. Similarly, no reasonable jury could find that she did not violate her statutory duty not to make an illegal turn through the median. <u>See</u>, <u>e.g.</u>, <u>Mullin</u>, 145 N.H. 97-98. Further, Kvam's violation of those duties caused the accident which injured Copp.

The defendants argue, nevertheless, that Copp was comparatively negligent.[3] Under New Hampshire's comparative fault statute, the plaintiff's fault does not bar recovery "if such fault was not greater than the fault of the defendant, or the defendants in the aggregate if recovery is allowed against more than one defendant, but the damages awarded shall be diminished in proportion to the amount of fault attributed to the plaintiff by general verdict." RSA 507:7. The party asserting

---

[3]The defendants describe Copp's fault as "comparable."

7

comparative fault bears the burden of proving it.  Id.  To present the issue of comparative fault to a jury, the defendant must present "some tangible evidence" of such fault.  Townsend v. Legere, 141 N.H. 593, 595 (1997).  If reasonable jurors could only reach a decision on the issue "by conjecture, chance, or doubtful and unsatisfactory speculation, it is the duty of the trial court to withdraw the issue from the consideration of the jury."  Id.

Relying on a statement in Copp's medical record that he was in a "high speed (65-70) rollover" accident, the defendants argue that Copp was speeding at the time of the accident and was therefore at fault.  Assuming that Copp was going seventy, where the speed limit was sixty-five, there is no evidence in the record that his speed was the cause or a contributing cause of the accident.  No reasonable person would have anticipated that Kvam, after slowing to almost a stop on the far right side of the highway, would abruptly turn across both lanes of traffic to illegally cross the median.  To avoid summary judgment on liability, the defendants must show that a factual dispute exists as to whether Copp was at fault because of his speed and whether his fault was greater than Kvam's fault in causing the accident. Given the undisputed circumstances of the accident, the defendants have not carried their burden.

8

Copp has shown that no factual issue remains to be decided by a jury as to Kvam's negligence and the defendants' liability on his professional negligence claim. Therefore, Copp is entitled to partial summary judgment as to the issue of liability on his professional negligence claim, leaving the issue of damages to be resolved either by the parties in settlement or, if necessary, by a jury.[4]

B. Consumer Protection Act

Under the Consumer Protection Act, "[a]ny person injured by another's use of any method, act or practice declared unlawful under this chapter may bring an action for damages . . . ." RSA 358-A:10. A plaintiff may recover the statutory minimum award and attorney's fees by showing a violation of the Act without any showing of actual damages. Preferred Nat'l Ins. Co. v. Docusearch, 149 N.H. 759, 767 (2003); Carter v. Lachance, 146 N.H. 11, 14 (2001). Effective on July 17, 2002, the legislature amended RSA 358-A:3 so that it no longer excluded the practice of law from the scope of the Act. See RSA 358-A:3 (West 2004); Averill v. Cox, 145 N.H. 328, 332 (2000) (construing prior version of RSA 358-A:3).

---

[4]This decision does not address whether a comparative fault defense would be available on the damages issue.

9

The defendants move for partial summary judgment on the ground that by July 17, 2002, when the Act first applied to the practice of law, the statute of limitations deadline had passed and their actions or failure to act caused no further injury to Copp. They contend, and Copp does not dispute, that the amendment to RSA 358-A:3 does not apply retroactively to cover the defendants' failure to bring suit before May 4, 2002. They also contend that their actions do not constitute violations of the Act. Copp argues that because he does not have to show actual damages to be entitled to the minimum damages award of $1000 and attorney's fees under the statute, he can maintain his claim by showing only a violation of the statute.

1. Injury.

The Act requires that the plaintiff be "injured by another's use of any method, act or practice declared unlawful under this chapter" to bring an action. RSA 358-A:10 (emphasis added). In Carter, the New Hampshire Supreme Court explained that an award of the statutory minimum provided in RSA 358-A:10 is not based on the "actual damages suffered," but is instead a penalty imposed on the violator. Id. at 14. As such, it appears that although the court used the term "damages" rather than injury, the court intended that a violation of the Act would constitute an injury

10

entitling the injured party to recover the statutory minimum as a penalty against the violator. In Preferred Nat'l Ins., the court followed Carter and reiterated that RSA 358-A does not require a showing of "actual damages" for an award of statutory damages and attorney's fees, again without explaining the relationship between "damages" and "injury." 149 N.H. at 767. The context of the decision demonstrates that the court used "damages" to mean "injuries." Id. Therefore, the cases hold that a plaintiff need only prove that he was subjected to a violation of RSA 358-A:2 to be entitled to statutory damages and attorney's fees.

That interpretation of New Hampshire law is strengthened by the Massachusetts Supreme Judicial Court's decision that a violation of the Massachusetts Consumer Protection Act alone is an injury that entitles the party subjected to the violation to recover statutory damages. See Aspinall v. Philip Morris Cos., Inc., 813 N.E.2d 476, 490-91 (Mass. 2004) (citing Leardi v. Brown, 474 N.E.2d 1094, 1102 (Mass. 1985)). The New Hampshire Supreme Court has previously found the Supreme Judicial Court's interpretation of the Massachusetts Act persuasive for purposes of deciding a standing issue under 358-A. See Remsburg v. Docusearch, 149 N.H. 148, 160 (2003). Therefore, if the defendants violated RSA 358-A:2 in their relationship with Copp, he will be entitled to statutory damages and attorney's fees.

11

## 2.  Violation of RSA 358-A:2.

The defendants argue that they did not violate RSA 358-A:2 because their conduct after July 17, 2002, did not involve any unfair or deceptive act or practice in trade or commerce, as defined in the Act.  They contend that their actions after July 17, 2002, were not "trade or commerce" because those actions did not involve "advertising, offering for sale, sale, or distribution of any services."  RSA 358-A:1, II.  The distinction they make is that the Act covers the commercial aspects of legal practice but not the competence of the professional services provided.

Before the last amendment, RSA 358-A:3, I (1995) excluded trade or commerce that was "otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of this state or of the United States." "Trade or commerce" was defined, in pertinent part, as it is now to "include the advertising, offering for sale, sale, or distribution of any services."  The New Hampshire Supreme Court interpreted RSA 358-A:3, I to exempt the practice of law from the scope of the Consumer Protection Act.  Averill, 145 N.H. at 332. Although the defendants in Averill argued that the exemption provided by RSA 358-A:3, I should be limited to the "non-commercial" aspects of legal practice, id. at 330, the supreme

12

court did not make that distinction.  This court is not inclined to do so now in the absence of any guidance that the supreme court would likely change its interpretation of the Act.[5]

Copp does not cite any of the examples of prohibited conduct provided in RSA 358-A:2.  To determine what other acts are unlawful under RSA 358-A:2, the court "look[s] to the federal courts' interpretation of the Federal Trade Commission Act for guidance."  Milford Lumber Co., Inc. v. RCB Realty, Inc., 147 N.H. 15, 19 (2001); accord State v. Moran, 861 A.2d 763, 765-66 (N.H. 2004).  The Federal Trade Commission test, adopted by the New Hampshire Supreme Court, asks:

> (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise - whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other business men.)

Milford Lumber, 147 N.H. at 19.  At the same time, however, the challenged conduct must be of the type as described in RSA 358-A:2, that is, "'the objectionable conduct must attain a level of

_____

[5]The concurring opinion by Justice Thayer in Rousseau v. Eshleman, 129 N.H. 306, 312 (1987), and the dissent by Justice Johnson in Rousseau v. Eshleman, 128 N.H. 564, 570 (1986), are not persuasive because their opinions have not been adopted by the majority of the court.

rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.'" Moran, 861 A.2d at 765 (quoting Milford Lumber, 147 N.H. at 17). The New Hampshire Supreme Court has held that its regulation of the practice of law through the Rules of Professional Conduct "protects consumers from the same fraud and unfair practices as RSA chapter 358-A." Averil, 145 N.H. at 333. The "Scope" section of the Rules of Professional Conduct, however, cautions that violation of a rule should not provide a cause of action and that the rules are not designed to be a basis for civil liability. See Wong v. Ekberg, 148 N.H. 369, 375 (2002). Therefore, in some circumstances, violation of the rules may provide evidence of unfair or deceptive practices under the Act, see, e.g., Sears Roebuck & Co. v. Goldstone & Sudalter, P.C., 128 F.3d 10, 19 (1st Cir. 1997), but a violation of the rules, standing alone, would not be sufficient to prove a claim under RSA 358-A:2.

In support of his claim, Copp contends that the defendants engaged in unfair and deceptive practices, after July 17, 2002, by failing to keep him informed of the progress of his case. He points to New Hampshire Rule of Professional Conduct 1.4(a) that states: "A lawyer shall keep a client reasonably informed regarding the status of a matter and promptly comply with reasonable requests for information." Copp asserts that the

defendants violated Rule 1.4(a) and violated RSA 358-A:2 by intentionally not telling him that they failed to file his suit against Kvam in a timely manner and by not keeping him informed despite his inquiries.

The defendants do not deny that they failed to notify Copp when they missed the limitations deadline or that they avoided his inquiries. They argue based on cases from Washington and New Jersey that, as a matter of law, their conduct is not sufficiently deceptive to support a claim under the Consumer Protection Act. Those cases are not persuasive as to the interpretation of New Hampshire law. Therefore, a jury question remains as to whether the defendants' conduct violated the Act. The defendants are not entitled to summary judgment on Copp's Consumer Protection Act claim. Copp is limited, however, to the statutory minimum award and attorney's fees, as he has represented in his objection to the defendants' motion.

## Conclusion

For the foregoing reasons, the plaintiff's motion for partial summary judgment (document no. 12) on the issue of the defendants' liability on his professional negligence claim is granted. The defendant's motion for summary judgment (document

15

no. 9) on the plaintiff's Consumer Protection Act claim is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 24, 2005

cc:   John C. Kissinger, Esquire
      Francis X. Quinn Jr., Esquire